30535. SCHAMBER v. THE STATE.

NICHOLS, Chief Justice.

Robert Charles Schamber, who had been indicted by the grand jury of Cobb County for the offense of armed robbery and aggravated assault, entered a plea of guilty upon the call of his case on June 9, 1975. After an in-depth interrogation of the defendant by the trial court, a determination was made that such plea was voluntary and intelligently made. At the time such plea was entered, the defendant was represented by counsel. When the guilty plea to armed robbery was accepted, the aggravated assault charge was dropped.

1. Assuming but not deciding that a motion for a continuance was made prior to the entering of the guilty plea (no such motion appears in the record) the entry of such guilty plea thereafter constituted a waiver of such motion.

2. After the plea of guilty was accepted but prior to sentence being imposed, counsel for the defendant, in pleading for a lesser sentence, stated that while the defendant had a prior record, other circumstances involved in such armed robbery suggested the need for leniency in the sentence. The district attorney, in arguing for a stiffer sentence, stated that as to the defendant "There is a continuous record of criminal conduct, beginning approximately ten years ago, starting off with something rather minor, and culminating in this armed robbery . . . This is a classic case of armed robbery." The trial court then asked the district attorney to "read into the record what this prior record is." The record, dating back to 1967, was then read into the record. There was no evidence introduced showing whether or not the

defendant had been represented by counsel or had waived counsel on any prior conviction. The record is silent.

At the hearing on the defendant's motion for new trial, the court stated for the record that it took into consideration in fixing sentence only those facts involving the present armed robbery and facts which the court personally had knowledge of. This defendant had previously been sentenced by this same trial judge for escape.

In Carnley v. Cochran, 369 U. S. 506 (82 SC 884, 8 LE2d 70) it was held that presuming waiver of counsel from a silent record is impermissible. See also *Clenney v. State*, 229 Ga. 561 (192 SE2d 907) (1972). In the present case there is no indication, either in the guilty plea transcript or in the motion for new trial transcript which shows whether or not the defendant was represented by counsel on any of the prior convictions read into the record by the district attorney. Under such circumstances the case must be remanded to the trial court for a determination as to whether the defendant was or was not represented by counsel, or intelligently waived counsel, on each of the occasions dealt with in his prior record read into the record prior to sentence being imposed. If it is shown at such hearing that the defendant intelligently waived counsel or was represented by counsel on such prior convictions, the sentence in this case shall stand; otherwise such sentence must be vacated and a new sentence entered.

3. The remaining enumerations of error have been carefully considered and are without merit.

*Remanded with direction. All the Justices concur.*

Argued January 15, 1976 — Decided February 2, 1976.

*S. M. Landress,* for appellant.

*George W. Darden, District Attorney, W. Michael B. Stoddard, Assistant District Attorney, Arthur K. Bolton, Attorney General, W. Thomas Davis, Senior Assistant Attorney General,* for appellee.