## 51757. GRAVES v. THE STATE.

STOLZ, Judge.

Defendant Graves came to the door of an apartment where police were executing a search warrant. Graves knocked and was admitted to the apartment where one of the officers present recognized him from previous observation. The officer testified that a reliable informant[1] had told him, about a week before this incident, that Graves "always carries a weapon with him.

---

[1]The officer testified that the informant had been giving him information for approximately one year, resulting in about 30 arrests.

Be careful." The officer immediately frisked the defendant and found a pistol. Graves was arrested for carrying a pistol without a license and for carrying a concealed weapon. The policeman then searched the defendant, whereupon several packets of cocaine were found on his person.

Appellant Graves' only enumeration of error is the denial of his motion to suppress evidence found during the allegedly unlawful "pat-down." *Held:*

In Adams v. Williams, 407 U. S. 143 (92 SC 1921, 32 LE2d 612) (1972), the United States Supreme Court considered the "pat-down" of a man who, according to a confidential informant, was carrying narcotics and had a gun at his waistband. The court upheld the frisk, stating that: "In Terry this Court recognized that 'a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' . . . The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.

". . . Thus, while the Court's decisions indicate that this informant's unverified tip may have been insufficient for a narcotics arrest or search warrant, . . . the information carried enough indicia of reliability to justify the officer's forcible stop of Williams.

"In reaching this conclusion, we reject respondent's argument that reasonable cause for a stop and frisk can only be based on the officer's personal observation, rather than on information supplied by another person. Informants' tips, like all other clues and evidence coming to a policeman on the scene, may vary greatly in their value and reliability. One simple rule will not cover every situation.

". . . Under the circumstances surrounding Williams' possession of the gun seized by Sgt. Connolly, the arrest on the weapons charge was supported by probable cause, and the search of his person and of the car incident to that arrest was lawful. . . The fruits of the search were therefore properly admitted at Williams' trial, and the Court of Appeals erred in reaching a contrary conclusion." 407 U.S. 145, 149.

Moreover, once a defendant has been placed under custodial arrest, police may search his person, incident to that arrest, for weapons or contraband. In United States v. Robinson, 414 U. S. 218 (94 SC 467, 38 LE2d 427) (1973), the Supreme Court upheld a full search of an individual who had been placed under arrest for driving an automobile without a license. "A police officer's determination as to how and where to search the person of a suspect whom he has arrested is necessarily a quick *ad hoc* judgment which the Fourth Amendment does not require to be broken down in each instance into an analysis of each step in the search. The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment.

". . . Since it is the fact of custodial arrest which gives rise to the authority to search, it is of no moment that [the officer] did not indicate any subjective fear of the respondent or that he did not himself suspect that respondent was armed. Having in the course of a lawful search come upon the crumbled package of cigarettes, he was entitled to inspect it; and when his inspection

revealed the heroin capsules, he was entitled to seize them as 'fruits, instrumentalities, or contraband' probative of criminal conduct. Harris v. United States, 331 U. S., at 154-155; Warden v. Hayden, 387 U. S. 294, 299, 307 (1967); Adams v. Williams, 407 U. S., at 149." 414 U. S. 235.

*Judgment affirmed. Bell, C.J., and Clark, J., concur.*

ARGUED FEBRUARY 2, 1976 — DECIDED APRIL 5, 1976.

*Murray M. Silver, John M. Turner, II,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Tom Hayes, Carole E. Wall, Assistant District Attorneys,* for appellee.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*