## 1422. BENTLEY v. WILLIS.

HILL, Presiding Justice.

Petitioner has made application to appeal the denial of habeas corpus relief from two 12-year concurrent sentences imposed by the Fulton County Superior Court. These sentences were imposed pursuant to petitioner's guilty pleas to one indictment containing three counts of selling heroin and another indictment containing one count of possessing heroin with intent to distribute.

In his habeas corpus application, petitioner alleges that the plea bargain agreement which preceded his guilty pleas violated his constitutional rights. A Fulton County assistant district attorney agreed to recommend 15-year concurrent sentences (rather than 18 to 20 years) on each indictment in exchange for petitioner's guilty plea and agreement that his retained counsel would not speak on petitioner's behalf at the presentence hearing, and would not request

a presentence investigation. Petitioner contends that this violated his right to the effective assistance of counsel at a critical stage of the proceedings (i.e., at sentencing), deprived him of the opportunity to present "substantial mitigating circumstances" and deprived the sentencing court of information needed to determine the appropriate punishment. The habeas court denied the writ, reasoning that petitioner voluntarily entered into the agreement and that sentencing is the prerogative of the court.

It is clear from the guilty plea transcript that petitioner's attorney was unable to speak out during sentencing but that, after conferring with his retained counsel, petitioner spoke on his own behalf. He stated that he had become addicted to drugs while serving with the Marine Corps in Vietnam, but that he had no previous criminal record and had two children, a wife pregnant with twins at the time, and a mother who suffered from heart disease and high blood pressure. Defense counsel pointed out the petitioner's family in the courtroom to the sentencing judge but made no statements on petitioner's behalf. By affidavit in the habeas proceeding, defense counsel stated that he was unable to speak on behalf of his client due to the plea bargain. This fact was undisputed by the state and the habeas court entered findings of fact in accordance with the affidavit.

Petitioner does not complain that his guilty plea was not voluntarily and intelligently entered after notice and consideration of the rights he waived by pleading guilty. He directs his attack at the sentencing procedure.

In his application to appeal the denial of habeas corpus relief, the petitioner asserts that there were "substantial mitigating circumstances" which his counsel could have urged. However the habeas transcript does not set forth those "substantial mitigating circumstances." We therefore assume that petitioner is referring to the mitigating circumstances he personally called to the attention of the sentencing court, and that he is arguing that his attorney could have presented those facts more persuasively. Similarly, petitioner has not shown what favorable matter could have been shown by a presentence report. The burden of proof in a habeas corpus proceeding is on the petitioner.

While we agree that the bargain negotiated by the assistant district attorney is a curious one and under some circumstances might deprive a defendant of the effective assistance of counsel at the critical, sentencing stage of the proceedings, here the petitioner has failed to show what additional evidence in mitigation or what favorable matter could have been shown.

Moreover, the assistance of counsel at the entry of a guilty plea and at sentencing can be waived by a defendant. It follows that the

effective assistance of counsel at sentencing can be waived by the defendant's knowingly and voluntarily doing so. Here the defendant voluntarily waived the effective assistance of counsel after being advised by his retained counsel as to the plea bargain.

Code Ann. § 27-2709 (as amended) authorizes the trial judge to consider investigation reports for the purpose of deciding whether to suspend or probate all or part of the sentence. Although authorized for consideration on the question of probation, in practice such reports may be considered by the trial judge in reducing the length of the sentence. *Munsford v. State,* 235 Ga. 38, 44-46 (218 SE2d 792) (1975). Notwithstanding the value of a presentence investigation report to the trial judge, we are aware of no constitutional or statutory requirement that sentence not be imposed until after such report is prepared and considered. Even if such report were required, such requirement could be waived by the defendant as was done here.

*Application to appeal denied. All the Justices concur.*

DECIDED APRIL 10, 1981.

*James C. Bonner, Jr.,* for appellant.
*Harry Dicus, Arthur K. Bolton, Attorney General,* for appellee.