63975. BREWER v. THE STATE.

MCMURRAY, Presiding Judge.

The defendant pleaded guilty to the offense of criminal attempt to commit the crime of burglary. He was sentenced to serve a term of 10 years to be served on probation upon certain conditions and the payment of a fine of $1,000. As a condition of his probation he was to go to the Athens Diversion Center and remain there for not less than six months "abiding by all rules and regulations of said Center," and a special condition was that he regularly attend scheduled classes at the Athens Technical School and satisfactorily complete all studies. The payment of the fine was to be at the rate of $20 per week, beginning 30 days after his courses were satisfactorily completed at the Athens Technical School.

A petition to revoke his probation was filed approximately three months after imposition of sentence contending the defendant had violated certain rules and regulations of the Athens Diversion Center, that is, absconding (six hours late in returning on a certain date), unauthorized use of a vehicle on two separate dates and fighting. After a hearing, the trial court made certain findings of fact with reference to the alleged violations such as absconding, unauthorized use of the vehicle and fighting, all on the same date. Defendant's sentence of probation was revoked, and he was ordered to serve one year in such place of incarceration as the director of corrections may

direct; thereafter to be returned to and be continued on probation immediately upon his release from confinement upon the same conditions as previously ordered. Defendant appeals. *Held:*

1. Defendant first contends as error that the trial court should have sequestered the witnesses immediately upon invoking the rule of sequestration. The court did not immediately excuse the witnesses but interrupted the invoking of the rule to allow the assistant district attorney to state the charges and the response of the defendant. All witnesses were then sequestered. Defendant contends that he was deprived of his substantial and positive right by allowing the assistant district attorney to state the case in front of the witnesses prior to their sequestration and permitting the witnesses to hear the particular allegations and statement of fact which could not be held harmless as a matter of law. However, the rule of sequestration as found in Code § 38-1703 merely states that either party shall have the right to have the witnesses of the other party examined out of the hearing of each other. This was done in this case and no harmful error has been shown requiring the trial court to rehear the revocation matter. There is no merit in this complaint.

2. During the examination of the defendant he had testified that he was enrolled at "Athens Tech" and objection was made as to what he was taking and that same was irrelevant which was sustained by the court. Counsel later attempted to perfect the record with reference to his schooling, at which time the court stated that that was "totally irrelevant" and the submission of certain photographs were likewise ruled to be "irrelevant." Counsel contended that the photographs would show the extent of his real injuries after an altercation with another inmate "as to whether he voluntarily violated probation." We do not see how the amount of schooling and the courses he was taking, would have any relevancy to the situation here. The altercation which he had with another inmate which involves the charge of "fighting," resulted in what he contended was a severe nosebleed and lack of medical attention, causing him to leave the facility in his automobile, drive to his mother's and then to the hospital before returning to the center. The photograph was offered for the purpose of showing the severity, we assume, of the nosebleed. However, although excluded, the same is not here in the record for our examination to determine its relevancy, yet Code Ann. § 6-805 (d) (Ga. L. 1965, pp. 18, 24) authorizes the court reporter to include same in the record for our examination. No motion has been made to request the trial court to supplement the record with reference to the photograph. See *Herring v. R. L. Mathis Certified Dairy Co.,* 118 Ga. App. 132 (1) (162 SE2d 863), revd. on other grounds s.c. 225 Ga. 67 (166 SE2d 89). For the appellant to obtain a reversal he must show

harmful error, as well as error, if any. We have no way of determining whether the refusal to allow the photograph in evidence was relevant or irrelevant. We find no reversible error here. We find no violation of Code Ann. § 27-2713 (Ga. L. 1956, pp. 27, 32; 1960, p. 857; 1966, p. 440) which would require reversal here. Even if it be said that the defendant did not wilfully leave the facility (absconding) and drive his automobile to seek medical attention, the evidence is in conflict as to who caused the "fighting" from which the court could have determined he had violated the terms of his probation. See *Robinson v. State,* 62 Ga. App. 539 (1) (8 SE2d 698). Our examination of the transcript fails to disclose that the trial court denied the defendant (in excepting to the exclusion of evidence) an offer of proof to perfect the record in order that this court might determine the relevancy and materiality of the evidence excluded. Compare *Floyd v. Colonial Stores, Inc.,* 121 Ga. App. 852, 860 (2) (176 SE2d 111); *Borochoff Properties v. Howard Lumber Co.,* 115 Ga. App. 691, 697 (155 SE2d 651).

"[O]nly slight evidence is necessary to revoke a probated sentence. The quality or quantity necessary for revocation is not that demanded for conviction of a crime." *Green v. State,* 158 Ga. App. 864, 865 (282 SE2d 417). We find no reversible error.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 30, 1982.

*Nathaniel David Wages,* for appellant.

*John T. Strauss, District Attorney, Lee Hawks, Leonard Geldon, Assistant District Attorneys,* for appellee.