## 65527. DASHER v. THE STATE.

POPE, Judge.
Appellant Dasher was indicted at the April 1979 term of the Ware County Superior Court for violation of the Georgia Controlled Substances Act (Case Number 79R-148). He was indicted at the November 1979 term of the same court for an additional violation of the same act (Case Number 80R-7). After initial pleas of not guilty to

both indictments, appellant changed his plea to guilty in both cases. On May 1, 1980 the appellant was sentenced in Case Number 79R-148 to serve five years, with two to be served in prison and the remaining three to be served on probation. He had received an identical sentence in Case Number 80R-7 on April 30, 1980.

On July 25, 1980 appellant pled guilty in Case Number 80R-153 in Ware County Superior Court to the offense of simple battery, which charge had been reduced from criminal attempt to commit sodomy. Appellant was then sentenced to one year's probation to run consecutively to the sentences imposed for the previously described violations of the Georgia Controlled Substances Act. The conditions of probation for the sentences imposed were essentially identical.

On February 16, 1981 appellant was released from prison on probation. Appellant's probation officer filed petitions for revocation of appellant's probation on April 9, 1982. On April 29, 1982 after a hearing, appellant's probation of the sentences imposed in 1980 was revoked. The order of the trial court revoking appellant's probation was based upon the following findings of fact: "1. The court finds that the defendant violated Condition #1: Do not violate the criminal laws of any governmental unit. On 2-1[4]-82, the client [appellant] was arrested by the Ware County Sheriff's Dept. and charged with five counts of V.G.C.S.A. [violation of the Georgia Controlled Substances Act]. 2. The court finds that the defendant violated Condition # 9: Do not consume or possess any alcoholic beverages, malt beverages, illegal narcotics, illegal drugs or marijuana. Subject had marijuana in his possession on 2-14-82. 3. The court finds that the defendant violated Condition # 10: Do not go to any place where alcoholic beverages, illegal narcotics, illegal drugs or marijuana are sold or dispensed. Subject sold an undercover agent three white tablets identified as Demerol on Bailey Street, Waycross, Ga. He also sold marijuana to an undercover agent on McDonald Street, Waycross, Ga."

1. Appellant first enumerates as error the trial court's admission into evidence of certain substances contained within eight match boxes and a bag containing eleven manilla envelopes. The items were found on appellant's person during a search incident to his arrest for violation of the Georgia Controlled Substances Act on February 14, 1982. His arrest resulted from a sale of an amount of marijuana in excess of one-quarter pound made by appellant to an undercover law enforcement officer immediately prior to the arrest. The substances found in the match boxes and manilla envelopes were analyzed to be marijuana. Also discovered in the search of appellant were various illegal drugs in tablet and capsule form.

Appellant contends that the search exceeded its permissible

scope with the opening of the match boxes and envelopes contained within the bag without obtaining a search warrant. We disagree. At no point has appellant challenged the validity of his arrest. "[O]nce a defendant has been placed under custodial arrest, police may search his person, incident to that arrest, for weapons or contraband." *Graves v. State,* 138 Ga. App. 327, 329 (226 SE2d 131) (1976); OCGA § 17-5-1 (former Code Ann. § 27-301). Accordingly, the admission of the evidence obtained from appellant's person as a result of such search was not error. See *Ellis v. State,* 248 Ga. 414 (1) (283 SE2d 870) (1981); *Paxton v. State,* 160 Ga. App. 19 (1) (285 SE2d 741) (1981).

2. Appellant next enumerates as error the trial court's admission of testimony identifying as Demerol certain tablets found on appellant's person. Specifically, appellant contends that the proper chain of custody for the tablets was not established, thus rendering the receipt of this testimony reversible error. For several reasons, we find no merit in this enumeration. First, "[t]he State need not negative every possibility of tampering, and 'need only establish reasonable assurance of the identity' of the evidence. *Patterson v. State,* 224 Ga. 197, 199 (160 SE2d 815) (1968). '(W)hen there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to the weight.' " *Anderson v. State,* 247 Ga. 397, 399 (276 SE2d 603) (1981). In the case sub judice, appellant produced no evidence to show that any substitution or tampering occurred. We find that the state showed a proper chain of custody with reasonable certainty. Further, "[i]n a proceeding of this type, the trial judge acts as the trier of fact with a very wide discretion which will not be controlled in the absence of a manifest abuse of such discretion." *Smallwood v. State,* 163 Ga. App. 140, 141 (293 SE2d 15) (1982); *Harper v. State,* 146 Ga. App. 337 (246 SE2d 391) (1978). Moreover, it must be remembered that " '[o]nly slight evidence is necessary to revoke a probated sentence. The quality or quantity necessary for revocation is not that demanded for conviction of a crime.' " *Brewer v. State,* 162 Ga. App. 228, 230 (291 SE2d 87) (1982). From the trial court's order revoking appellant's probation, it is apparent that the revocation was based in part upon the appellant's possession of marijuana upon his arrest and prior sale of the illegal substance to an undercover agent on February 14, 1982. The state's evidence adduced at the hearing was ample to support the revocation of appellant's probation.

3. Appellant's final enumeration of error challenges the trial court's authority to revoke the twelve-month probated sentence in Case Number 80R-153 which was to run consecutive to the sentences imposed in Case Numbers 79R-148 and 80R-7. Contrary to appellant's assertion that the sentence in Case Number 80R-153 was

imposed by the State Court of Ware County, the record reveals that it was in fact imposed by Ware County Superior Court by the same judge who imposed the prior sentences in Case Numbers 79R-148 and 80R-7. OCGA § 17-10-1 (a) (former Code Ann. § 27-2502(a)) provides in pertinent part: "The judge imposing the sentence is granted power and authority to suspend or probate the sentence under such rules and regulations as he deems proper. The judge shall also be empowered to revoke the suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court." "[A] trial judge can revoke a probated sentence that is to begin at a future date." *Parrish v. Ault,* 237 Ga. 401, 402 (228 SE2d 808) (1976). The trial court was thus empowered to revoke appellant's probation as to all sentences.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 7, 1983.

*James D. Clark, Julie K. Fegley,* for appellant.
*C. Deen Strickland, District Attorney, Michael D. Devane, Assistant District Attorney,* for appellee.