A89A0411. MORGAN v. THE STATE.
(381 SE2d 583)

SOGNIER, Judge.

Willie George Morgan appeals from the trial court's denial of his motion to withdraw a plea of guilty to voluntary manslaughter.

The record reveals that appellant was indicted for murder in the shooting death of his wife. On the scheduled trial date, appellant's counsel moved for a continuance on the ground that he had just learned appellant claimed to have been shot in the head during the struggle with the victim, and accordingly wanted to obtain physical and psychiatric examinations for appellant. The trial court denied the motion, but did authorize the requested examinations. Appellant, through counsel, then negotiated a plea on the lesser offense of voluntary manslaughter. After thorough questioning by the prosecutor and the court as to appellant's understanding of the consequences of this action, the court accepted appellant's guilty plea. However, the final disposition entered one week later provided that appellant was sentenced on a plea of guilty but mentally ill. Appellant subsequently retained new counsel and moved for withdrawal of his plea pursuant to OCGA § 17-7-93. Appellant's prior counsel testified at the motion hearing that "[i]t was my understanding that [appellant's plea] was a guilty but mentally ill plea, but that is not clear in my mind." The prosecutor stated the entry of "guilty but mentally ill" on the final disposition sheet was a clerical error. The trial court denied the motion to withdraw the plea, but entered a nunc pro tunc order changing the record to reflect that appellant had entered a "negotiated" plea of guilty to voluntary manslaughter.

1. Appellant first contends that his plea was not knowingly and voluntarily entered because he thought he was entering a plea of guilty but mentally ill, but the record as corrected by the trial court indicates he pleaded guilty. When a defendant challenges the validity of a guilty plea, the State may meet its burden of demonstrating the

plea was intelligently and voluntarily entered " 'by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill[ing] a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.' [Cit.]" *Dean v. State*, 177 Ga. App. 123, 125 (2) (338 SE2d 711) (1985). We find, upon review of the transcript of the plea hearing, that appellant's plea of guilty to voluntary manslaughter was knowingly and voluntarily made with a full understanding of the nature of the charges against him and the consequences of his plea. Both the prosecutor and the trial judge carefully questioned appellant on his understanding of the charges, possible sentence, and rights waived. Although appellant's prior and current counsel contend there was a misunderstanding as to whether appellant was pleading guilty or guilty but mentally ill, there is no evidence *appellant* was under such a misapprehension. The trial judge repeatedly referred to appellant's "guilty plea," and specifically asked appellant whether he wished to "enter a guilty plea to the crime of voluntary manslaughter," and whether appellant wanted the court "to accept [his] guilty plea." Further, at the motion hearing appellant gave no testimony that even suggested he did not understand his rights or the nature of his plea at the time it was made. Compare *Harrell v. State*, 145 Ga. App. 93 (243 SE2d 611) (1978).

2. Appellant also contends the trial court erred by denying his motion for a continuance until he could obtain the requested examinations. Appellant testified at the motion hearing that as a result of the court-ordered physical examination, physicians had found and removed three bullets from his head. Appellant argues that the denial of his motion for continuance deprived him of the opportunity to obtain medical evidence to support his theory of self defense, and thus he effectively was coerced into entering a guilty plea. However, no evidence was adduced in the record or transcripts to support appellant's claim that he was coerced into entering his plea, and appellant did not testify that he felt pressured or unduly influenced in any way.

Moreover, appellant cannot now challenge the ruling on his motion for continuance. A valid guilty plea " 'is to be treated as an honest confession of guilt and a waiver of all defenses, known and unknown. (Cit.)' [Cit.]" *Taylor v. State*, 169 Ga. App. 779, 780 (315 SE2d 288) (1984); see *Schamber v. State*, 236 Ga. 159 (1) (223 SE2d 138) (1976). Therefore, having established the validity of appellant's plea, see Division 1, supra, we find appellant waived his right to assert substantive defenses.

3. Similarly, there is no merit in appellant's argument that, because of the newly discovered evidence of bullet wounds to his head, the trial court should have allowed him to withdraw his plea and pro-

ceed to trial on the theory of self defense, as that defense also was waived by appellant's plea of guilty. " ' "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." [Cit.]' [Cits.]" *State v. Kight*, 175 Ga. App. 65, 67 (2) (332 SE2d 363) (1985). Accordingly, we find no abuse of the trial court's discretion in denying appellant's motion to withdraw his guilty plea. See generally *DeLapuente v. State*, 182 Ga. App. 808, 809 (357 SE2d 155) (1987).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 19, 1989.

*Murray M. Silver*, for appellant.

*Lewis R. Slaton*, District Attorney, *Thomas F. Jones, Benjamin H. Oehlert III, Joseph J. Drolet, William C. Akins*, Assistant District Attorneys, for appellee.