A94A0520. BAGWELL v. THE STATE.
(446 SE2d 739)

POPE, Chief Judge.

Defendant Darren Bagwell pled guilty to speeding and to violating the Georgia Controlled Substances Act, reserving his right to appeal the overruling of his motion to suppress certain evidence. His sole enumeration of error on appeal challenges the denial of his motion to suppress methamphetamine found on his person in a search incident to his arrest. Because we hold the search of defendant's person and the seizure of this evidence was both reasonable and within the scope of the statutory provisions allowing a search incident to arrest, we affirm.

On November 21, 1992, defendant was stopped for a speeding violation. The officer conducting the stop discovered defendant's license had been suspended. The officer immediately placed defendant under arrest for speeding and for driving on a suspended license and then conducted a "frisk, pat-down type search" of the defendant's person. In the defendant's right front pocket, the officer felt a three-and-one-half inch metal object. The officer removed the object and recognized it as a screw-type container commonly used in drug trafficking. The officer testified when he shook the container he heard rattling inside. He proceeded to open the container and discovered a bag containing a yellow-white powdery substance later determined to be methamphetamine.

The defendant concedes the search of his person was a lawful search incident to arrest. During a lawful custodial arrest, " 'an officer may, without a warrant, make a full search of the accused for the discovery and preservation of criminal evidence.' [Cit.]" *Anderson v. State*, 177 Ga. App. 130, 131 (2) (338 SE2d 716) (1985). Because the officer was entitled to conduct a full search of the defendant incident to his arrest and this search is per se reasonable as long as the custodial arrest is lawful, the seizure of the metal container found by the officer during the search was not unlawful. See *Anderson*, supra; *Powell v. State*, 170 Ga. App. 185 (316 SE2d 779) (1984); and *Graves v. State*, 138 Ga. App. 327 (226 SE2d 131) (1976) for Georgia cases upholding searches and seizures of drugs found on defendants during searches incident to arrests.

The defendant argues, however, that notwithstanding the officer's right to conduct a search incident to defendant's arrest, the officer was without authority to *open* the container discovered during that search because this action was outside the scope of Georgia's statutory limitations on a search incident to arrest. See OCGA § 17-5-1. In *United States v. Robinson*, 414 U. S. 218, 235 (94 SC 467, 38 LE2d 427) (1973), the Supreme Court granted police officers broad authority when conducting a search incident to arrest. In *Dasher v. State*, 166 Ga. App. 237 (304 SE2d 87) (1983), this court, relying on *Graves*, 138 Ga. App. at 327, in which the court adopted the analysis in *Robinson*, upheld the admission of evidence discovered in eight match boxes and eleven manila envelopes found on defendant's person during a search incident to arrest. The court concluded the search was not beyond the permissible scope of OCGA § 17-5-1. In the instant case, the officer testified that he recognized the metal container as one which was commonly used for carrying illegal drugs. Because the officer came upon the container in the course of a lawful search, " 'he was entitled to inspect it; and when his inspection revealed the [methamphetamine], he was entitled to seize [it] as "fruits, instrumentalities, or contraband" probative of criminal conduct.' " *Graves*,

138 Ga. App. at 329-330, citing *Robinson*, 414 U. S. at 235. The officer's actions in this case did not exceed the permissible scope of a search incident to arrest under the Fourth Amendment, the Georgia Constitution or OCGA § 17-5-1. We also note the broad scope of authority granted to police officers in conducting searches of automobiles pursuant to the search incident to arrest exception. In this situation, the authority to search extends to the entire passenger compartment of the automobile and any *closed containers* therein. See *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981); *State v. Elliott*, 205 Ga. App. 345 (422 SE2d 58) (1992). The admission of the evidence seized on defendant's person in the instant case was properly admitted.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 11, 1994 —
RECONSIDERATION DENIED JULY 15, 1994 ▮

*Banks & Stubbs, Rafe Banks III*, for appellant.

*Garry T. Moss, District Attorney, C. David Gafnea, Assistant District Attorney*, for appellee.