## A97A0783. BROWN v. THE STATE.
### (486 SE2d 429)

BLACKBURN, Judge.

Tony Brown appeals his conviction of selling cocaine, following his entry of a guilty plea. Brown's two enumerations of error are as follows: "According to Appellant, he has learned his lesson" and "[a]ccording to Appellant, he would accept house arrest." Neither of these enumerations presents an error of law for this Court to review. Accordingly, the conviction and sentence must be affirmed.

Brown was indicted on two separate counts of selling cocaine, with a possible sentence of five to thirty years or life in prison on each count. Brown had been convicted on a previous occasion of selling cocaine. The State agreed that if Brown would plead guilty to one count of the present indictment, it would not seek a life sentence and would nolle prosse the second count. Brown pled guilty to one count and was sentenced to six years in prison. He now appeals from his conviction and sentence.

Brown does not address either of his enumerations of error in his brief. Brown's argument in his brief consists entirely of the following statement: "When the validity of a guilty plea is challenged, the burden is upon the State to demonstrate that the plea was intelligently and voluntarily entered. *Morgan v. State*, 191 Ga. App. 367, 368 [(381 SE2d 583) (1989)]." While this is a correct statement of the law, it is not addressed to Brown's enumerations. Moreover, Brown does not contend that his guilty plea was *not* intelligently and voluntarily

entered, or point to any facts to support such a contention.

The record demonstrates that Brown was represented by an attorney at the guilty plea hearing, and that he was advised by the court of the rights he was waiving and the possible consequences of his plea. The court explained the nature of the indictment, the terms of the plea bargain, and the range of possible sentences. Brown acknowledged his understanding that, upon his entry of a guilty plea to Count 1 of the indictment, Count 2 would be nolle prossed and Brown would be subject to a sentence of between five to thirty years. Brown also acknowledged that his attorney had explained his rights to him, that he understood such rights, and that his plea was freely and voluntarily given. See *Scurry v. State*, 194 Ga. App. 165 (390 SE2d 255) (1990) (where record reflects defendant consulted with counsel regarding plea, and no ineffective assistance of counsel claim asserted on appeal, court may presume counsel has adequately advised client regarding meaning and effect of plea). The prosecutor, in stating the factual basis for the plea, informed the court that Brown sold cocaine to an undercover agent on February 6, 1994. Brown acknowledged that such allegation was true. Under these facts, the plea was intelligently and voluntarily made. See *Morgan*, supra at 367-368 (1).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 29, 1997.

Before Judge Horkan.

*T. Mark Thedieck*, for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Anthony S. Gunn, Assistant District Attorneys*, for appellee.