## A97A1044. TOWNS v. THE STATE.
(491 SE2d 497)

ANDREWS, Chief Judge.

Pursuant to permission granted by the trial court, Dana Towns brings this out-of-time appeal from the judgment entered on his pleas of guilty to the offenses of burglary and theft by taking.

1. Although not raised by the parties, we first consider whether the trial court properly granted an out-of-time appeal. The trial court is authorized to grant an out-of-time appeal where the defendant's failure to file a timely direct appeal was due to ineffective assistance of counsel. *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997); *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). In this regard, the Supreme Court has recognized that the right to effective assistance of counsel includes the defendant's right to be informed of: (1) the right to appeal (including the right to appeal from a plea of guilty as to questions which can be resolved by reference to facts in the record), (2) the right to counsel on appeal (including the right to appointed counsel for indigent defendants), and (3) the dangers of proceeding without counsel. *Cochran v. State*, 253 Ga. 10 (315 SE2d 653) (1984); *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984).

The record reflects that Towns is indigent and that, after being fully informed as to his right to appointed counsel to represent him during the trial of the case and being given appointed counsel, he discharged his appointed counsel, waived that right and elected, against the advice of the trial court, to proceed pro se during the pre-trial proceedings and during the entry of his guilty pleas prior to trial. See *Bentley v. Willis*, 247 Ga. 461, 462-463 (276 SE2d 639) (1981). However, it does not appear from the record of the proceedings that Towns was informed of his right to appeal, his right to appointed appellate counsel, or the dangers of proceeding without appellate counsel. The record further reflects that, after the time for a timely direct appeal had expired, the trial court appointed appellate counsel to represent Towns, and counsel moved the court for an out-of-time appeal. Under these circumstances, the trial court properly granted the out-of-time appeal. *Bell v. Hopper*, 237 Ga. 810, 811 (229 SE2d 658) (1976).

2. Towns claims that, because the trial court led him to believe

that his speedy trial demand was pending and valid, his subsequent guilty plea was not intelligently made.

When the case was called for trial, the State announced ready, and Towns said he was not ready for a variety of reasons. A discussion ensued between the trial court, the prosecutor, and Towns in which the trial court reminded Towns that he had refused appointed counsel against the advice of the court and had filed a speedy trial demand pursuant to OCGA § 17-7-170 indicating he wanted the case tried. After the trial court told Towns that he could not select appointed counsel of his choice and that the case would not be continued, Towns indicated his willingness to talk to the prosecutor about a guilty plea. Towns subsequently entered a plea of guilty to both counts of the indictment.

Towns contends that, because the record shows his speedy trial demand was not filed during the court term at which the indictment was filed, or during the next succeeding regular court term, or by special permission of the court, it was not valid under OCGA § 17-7-170 (a) and was not a basis to require that the State try the case. Apparently, he contends the trial court's comments about the demand misled him and rendered his subsequent guilty plea involuntary. Even if the speedy trial demand was not timely filed, neither that fact nor anything the trial court said to Towns about the demand had any bearing on his subsequent guilty plea. There was no error.

3. Towns contends there was an insufficient factual basis to support the guilty pleas.

Uniform Superior Court Rule (USCR) 33.9 requires that the trial court subjectively satisfy itself on the record that there is a factual basis for a guilty plea before entering judgment on the plea. *State v. Evans*, 265 Ga. 332, 333-335 (454 SE2d 468) (1995). "[T]he record of the plea hearing must reveal the factual basis relied on so that a reviewing court may determine whether an abuse of discretion occurred." *Green v. State*, 265 Ga. 263, 264 (454 SE2d 466) (1995).

The record of the plea hearing shows that, prior to the court's acceptance of the guilty pleas by Towns, the prosecutor gave a description of evidence supporting the burglary charge and the theft charge. The indictment charged that Towns committed burglary by unlawfully entering the dwelling house of Bennette Arnold with the intent to commit a theft and charged him with committing theft on the same day by unlawfully taking Arnold's automobile. The plea hearing record shows that, in taking Towns' guilty pleas, the prosecutor stated on the record that he was charged in the indictment "with burglary and theft by taking auto." The prosecutor offered to read the indictment, but Towns replied that, "It is not necessary." The prosecutor stated that Arnold and Towns' father lived together in an

apartment and that they allowed Towns to stay there with them after Towns was released from prison. After Towns had been staying at the apartment for about two weeks, Towns' father was convicted on criminal charges, and Towns was instructed to give the keys to the apartment back to Arnold. At that time, Arnold was not living in the apartment because she had moved in with her mother for a couple of weeks. The prosecutor stated that, "during that period of time[,] the defendant[,] Mr. Towns[,] took two cars and, also, took a dining room suite, a refrigerator and a stove out of the apartment. . . . He would actually get a flatbed wrecker truck to come and take it." The prosecutor stated that there was a witness who lived next door to the apartment who saw all this happen. The plea hearing record also indicated that the State had Mr. Towns' incarcerated father brought in from a correctional facility to testify in the case.

The purpose of USCR 33.9, is "to protect against someone pleading guilty when that person may know what he has done but may not know that those acts do not constitute the crime with which he is charged." *Evans*, supra at 334. To accomplish this purpose, "[a] trial court need not make itself aware of evidence establishing the pleader's guilt beyond a reasonable doubt in order to satisfy itself subjectively that the pleader knows both what he has done and that those acts constitute the crime with which he is charged." *King v. Hawkins*, 266 Ga. 655, 656 (469 SE2d 30) (1996). The plea hearing record shows facts sufficient to support a subjective determination by the trial court that Towns both knew what he had done and knew that those acts constituted the crimes with which he was charged. The trial court did not abuse its discretion in accepting the guilty pleas on this factual basis.

4. Towns claims the trial court erred by calling the case for trial before there had been a formal arraignment. See OCGA §§ 17-7-91; 17-7-94; 17-7-96. This contention is without merit. Towns pled guilty before the commencement of the trial indicating by his signature on the face of the indictment that he waived arraignment. See *Frazier v. State*, 204 Ga. App. 795 (420 SE2d 824) (1992). In any event, since Towns did not raise this claim at trial, it presents nothing for appellate review.

5. Towns claims the trial court abused its discretion by denying him a continuance of the trial.

Towns contends on appeal that the trial court denied his request to briefly continue the case so he could interview a witness. The record does not indicate that Towns requested a brief continuance for this purpose. It is obvious from a reading of the transcript that Towns was not requesting a short continuance but a continuance of the case from the calendar because he was unprepared to try the case pro se after having refused appointed counsel. There was no error in

the trial court's refusal to continue the case under these circumstances. See *Cotton v. State*, 223 Ga. App. 288, 289-290 (477 SE2d 425) (1996).

Moreover, Towns waived any right to assert this claim by entering a valid guilty plea. *Schamber v. State*, 236 Ga. 159 (223 SE2d 138) (1976); *Morgan v. State*, 191 Ga. App. 367, 368 (381 SE2d 583) (1989).

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 27, 1997.

*J. Robert Joiner*, for appellant.

*Paul L. Howard, Jr., District Attorney, Juliette O. W. Scales, Assistant District Attorney*, for appellee.