A00A1789. REDDING v. THE STATE.
(541 SE2d 122)

MILLER, Judge.

Robert Redding pled guilty to criminal solicitation to commit murder, a criminal offense under OCGA § 16-4-7 (a). The court sentenced him to five years imprisonment (three to serve, two on probation). He appeals his conviction, enumerating as his sole error that the court erred in sentencing him to prison. Since his brief fails to support this enumeration by citation to relevant authority or with reasoned argument, it is deemed abandoned under Court of Appeals Rule 27 (c) (2).

Even if the enumeration were not abandoned, it would fail. OCGA § 16-4-7 (b) authorizes a five-year prison sentence for this offense. Generally, we do not review for legal error sentences within the statutory limits.[1]

Rather than addressing the enumeration of error, Redding's counsel's argument in his brief consists entirely of the following sentence: "When the validity of a guilty plea is challenged, the burden is upon the State to demonstrate that the plea was intelligently and voluntarily entered. *Morgan v. State*, 191 Ga. App. 367, 368 [(381 SE2d 583) (1989)]." Redding's counsel evidently has this inapplicable and barren argument and brief format stuck in his word processor. In 1997, he submitted the identical one-sentence argument in *Brown v. State*,[2] which we held did not address his client's enumerations of

---

[34] *Walthour v. State*, 269 Ga. 396, 399 (497 SE2d 799) (1998).
[1] *Small v. State*, 243 Ga. App. 678, 680 (3) (534 SE2d 139) (2000).
[2] 226 Ga. App. 309 (486 SE2d 429) (1997).

error. As we further determined in *Brown*, this terse argument certainly "does not contend that [appellant's] guilty plea was *not* intelligently and voluntarily entered, or point to any facts to support such a contention."[3]

Even if it did, we hold (as we did in *Brown*[4]) that the record demonstrates that Redding's plea was intelligently and voluntarily made. Redding was not under the influence of drugs or alcohol and was represented by counsel at the time of the plea hearing. The court carefully explained to him his rights, including his right (1) not to incriminate himself, (2) to a jury trial, (3) to confront witnesses, (4) to subpoena witnesses and have them testify, (5) to testify on his own behalf and present other evidence, (6) to have his lawyer assist him, and (7) to the presumption of innocence. The judge instructed Redding that by pleading guilty he was giving up all these rights and would be sentenced by the judge within the limits set by law.

Redding stated that he understood his rights; that he had no questions; that he understood he was pleading guilty to criminal solicitation to commit murder, which he understood carried a possible penalty of five years imprisonment; that no threats, promises, or agreements had been made to induce his plea; and that he was acting freely and voluntarily. On five separate occasions during the hearing, Redding pled guilty to the charge. He specifically admitted to the State's description of the facts showing that he offered someone $2,000 to kill a woman. The record amply meets the required showings that Redding's guilty plea was freely, voluntarily, knowingly, and intelligently entered into as set forth in *Green v. State*[5] and *Morgan v. State.*[6]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 24, 2000.

*T. Mark Thedieck*, for appellant.
*J. David Miller, District Attorney, Jason C. Cain, Assistant District Attorney*, for appellee.

---

[3] (Emphasis in original.) Id. at 309-310. We admonish Redding's counsel that such minimalist appellate advocacy is not to be repeated.

[4] Id. at 310.

[5] 265 Ga. 263 (1) (454 SE2d 466) (1995).

[6] Supra, 191 Ga. App. at 367-368 (1); see *Martin v. State*, 268 Ga. 584, 585-586 (492 SE2d 223) (1997); *Rooks v. State*, 245 Ga. App. 655, 656-657 (3) (538 SE2d 555) (2000).