A01A1097. BROWN v. THE STATE.
(552 SE2d 886)

PHIPPS, Judge.
With the advice of counsel, Warren Brown entered a negotiated plea of guilty to charges of voluntary manslaughter and aggravated assault with intent to rob. After conducting a hearing, the trial court accepted the plea and sentenced Brown to serve eight years on each charge, with the sentences to run concurrently. Brown later filed a pro se motion to withdraw his guilty plea in which he claimed that his counsel was ineffective, that the plea was not entered voluntarily and knowingly and that newly discovered evidence warranted the withdrawal. At the hearing on his motion to withdraw, Brown's new counsel proceeded on only the latter two grounds. The trial court

denied the motion, and Brown appeals. Finding no abuse of discretion, we affirm.

At the plea hearing, the State informed the court that it expected the evidence to show that Brown and Antonio Cost drove to a particular location to rob drug dealers. Cost then exited the car and returned with a drug dealer. Shots were fired, and Ronell Madison was shot to death. While the shooting continued, Brown and Cost drove away and wrecked their car. Both were seen running from the car with the victim's blood on them.

Before Brown entered his plea, Cost pled guilty to voluntary manslaughter. Cost never agreed to testify or told anyone that he had agreed to testify against Brown as part of his plea agreement. At the hearing on Brown's motion to withdraw his plea, Cost claimed that he would have testified in Brown's behalf. Cost's testimony would have been that Brown was not involved in the crime and that Brown did not encourage him, help him, supply the gun for his use or help him flee.

1. Brown claims that his guilty plea was not knowingly, voluntarily and intelligently entered, as required by *Boykin v. Alabama*,[1] because he was unaware that Cost would have testified in his behalf at trial.

Relying on *Byrd v. Owen*,[2] Brown argues that his plea could not have been knowingly and intelligently entered because he was not aware of all of the evidence. In *Byrd*, the State failed to disclose an immunity agreement with its main trial witness and failed to correct false testimony by the witness about his "deal" with the State, effectively denying the defendant his due process rights.[3]

That is not the situation here. Brown does not claim that the State withheld Cost's testimony but only that he did not know about it because he and Cost were separated prior to entering their pleas. But Brown surely knew of his co-defendant and of his knowledge at the time he entered his plea.[4] The fact that he did not realize that Cost would testify on his behalf does not make his otherwise valid plea[5] unknowing or involuntary.[6]

2. Brown argues that, because of the newly discovered evidence

---

[1] 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[2] 272 Ga. 807 (536 SE2d 736) (2000).

[3] Id. at 809-812 (1).

[4] See *Amos v. State*, 161 Ga. App. 281, 283 (3) (287 SE2d 743) (1982).

[5] Although not challenged by Brown, it appears from the transcript of the plea hearing that the trial court complied with the requirements of Uniform Superior Court Rule 33 before accepting Brown's guilty plea.

[6] See *Morgan v. State*, 191 Ga. App. 367, 368-369 (3) (381 SE2d 583) (1989) ("[t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision") (citations omitted).

that Cost would testify in his behalf, the trial court should have allowed him to withdraw his plea and proceed to trial.

To receive a new trial on the basis of newly discovered evidence, a defendant must meet all of six requirements:

> (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.[7]

Failure to satisfy the court on one of these requirements is sufficient cause to deny a motion for new trial.[8]

Here, the trial court held that Cost's testimony was not newly discovered evidence because it could have been found with due diligence. The court noted that Cost and Brown were charged on the same indictment, a clear indication that Cost was someone with whom Brown or his attorney should speak. The court also noted that Brown and his attorney knew that Cost was in the Fulton County Jail.

Although Brown argues that he and Cost were separated at the jail and that he could not speak to Cost because Cost was represented by an attorney, we agree with the trial court that the evidence could have been discovered with reasonable diligence. Brown's attorney could have contacted Cost's attorney to find out if Cost intended to testify and if he was willing to testify on Brown's behalf. Moreover, "[w]hen a co-defendant who [would have been] available to testify at trial offers to exculpate the defendant after the co-defendant has removed himself from further jeopardy, the evidence does not qualify as 'newly discovered.' "[9] The trial court did not abuse its discretion by denying Brown's motion.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JULY 23, 2001.

*Zell & Zell, Rodney S. Zell,* for appellant.

---

[7] (Citations and punctuation omitted.) *Timberlake v. State,* 246 Ga. 488, 491 (1) (271 SE2d 792) (1980).

[8] Id.

[9] (Citation omitted.) *Straite v. State,* 238 Ga. App. 420, 424 (3) (518 SE2d 914) (1999).

*Paul L. Howard, Jr., District Attorney, Anna E. Green, Assistant District Attorney*, for appellee.