## A02A2261. ADAMS v. THE STATE.
### (578 SE2d 207)

MIKELL, Judge.

After a jury trial, Joe Lewis Adams, Jr. was convicted of two counts of serious injury by vehicle and driving under the influence (OCGA §§ 40-6-394; 40-6-391 (a) (1)). On appeal, he challenges only the sufficiency of the evidence presented on the serious injury by vehicle convictions and argues that the trial court erred by denying his motion for new trial. We affirm.

On appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict.[1] We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

Viewed in the light most favorable to the verdict, the evidence shows that shortly after 1:00 a.m. on April 2, 2000, Raven Holmes was a passenger in a car driven by Justina Carter when Carter's car was hit in the back by a white car driven by Adams. When the collision occurred, Carter's left turn signal was blinking as she waited to turn into an apartment complex. Several eyewitnesses testified that the white car was traveling at a very high rate of speed. One witness estimated its speed at 110 mph.

Holmes testified that she lost consciousness at the scene of the accident; that she sustained a broken neck; and that she could not walk without assistance and did not know if she would be able to walk again unaided. Holmes's mother, Ola Mae, testified that Raven was in a coma for three weeks after the accident. When asked on

---

[13] See *Ward,* supra.

[1] *Shabazz v. State,* 229 Ga. App. 465 (1) (494 SE2d 257) (1997).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Barber v. State,* 235 Ga. App. 170 (509 SE2d 93) (1998).

direct examination if Raven could walk, Ola Mae testified that Raven could not walk by herself and was in a wheelchair and that she and other family members walked with Raven to help her regain strength in her right leg. On cross-examination, however, she testified that Raven "[could] walk a little bit."

1. Adams argues that the evidence was insufficient because the state did not show that Raven's legs were rendered useless, as stated in the indictment. We disagree.

OCGA § 40-6-394 provides, in relevant part, that

> Whoever, without malice, shall cause bodily harm to another by depriving him of a member of his body, by rendering a member of his body useless, by seriously disfiguring his body or a member thereof, or by causing organic brain damage which renders the body or any member thereof useless through the violation of Code Section 40-6-390 or 40-6-391 shall be guilty of the crime of serious injury by vehicle.

We held in *Keef v. State*,[4] that "[t]o constitute the crime of serious injury by vehicle, there is no requirement that, in addition to being 'serious,' the member of the victim be permanently rendered useless."[5] In that case, the evidence demonstrated a serious temporary uselessness of the victim's legs.[6] In the instant case, there was evidence that Raven was in a coma for three weeks, wherein she obviously had no use of her legs, and that her walking continued to be seriously impaired.

In support of his argument, Adams relies on language from Judge Beasley's special concurrence in *Taylor v. State*[7] that "at least substantial or virtual loss of use would have to be proved."[8] That case is not binding precedent. *Keef*,[9] however, is binding on this Court. Accordingly, we find that the evidence was sufficient to authorize Adams's conviction for serious injury by vehicle.

2. Adams contends that he should have been granted a new trial because the newly discovered evidence that he introduced at the motion hearing established that Raven could walk. Several witnesses testified that they saw Raven walking unaided to or around her car at the courthouse after the trial. Also, Raven was seen walking in a store, around her neighborhood, and in a club several months after the trial. Some of the witnesses testified that her walking was

---

[4] 220 Ga. App. 134 (469 SE2d 318) (1996).
[5] (Punctuation omitted.) Id. at 137 (1) (a).
[6] Id.
[7] 178 Ga. App. 817, 818 (344 SE2d 748) (1986) (Beasley, J., concurring specially).
[8] (Emphasis omitted.) Id. at 820.
[9] Supra.

impaired, while others said that it was not. The witness who saw her in a store testified that she was not sure if Raven was being helped by her sister, who was also in the store. Adams argues that this evidence showed that Raven's legs were not rendered useless.

The trial court's decision on a motion for new trial based upon newly discovered evidence will not be disturbed absent an abuse of discretion.[10] *Timberlake v. State*[11] sets forth the standard for granting a new trial:

> It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.[12]

An appellant's "[f]ailure to satisfy the court on one of these requirements is sufficient cause to deny a motion for new trial."[13]

Adams has not made the third showing, that the new evidence that Raven could walk would probably have produced a different verdict. There was evidence presented at trial that Raven could walk. Furthermore, Adams's argument again presumes that OCGA § 40-6-394 requires a permanent disability. As discussed in Division 1, it does not. Thus, additional evidence that Raven could walk at the time of trial or thereafter was not dispositive of whether the injury to her legs was serious and whether they were temporarily rendered useless by the accident, which is all that is required to sustain a conviction under OCGA § 40-6-394.[14] Accordingly, the trial court did not abuse its discretion when it denied Adams's motion for new trial.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 11, 2003.

*Charles J. Vrono, Jay L. Strongwater*, for appellant.

---

[10] *Young v. State*, 269 Ga. 490, 491-492 (2) (500 SE2d 583) (1998).

[11] 246 Ga. 488 (271 SE2d 792) (1980).

[12] (Citations and punctuation omitted.) Id. at 491 (1).

[13] (Footnote omitted.) *Brown v. State*, 250 Ga. App. 697, 699 (2) (552 SE2d 886) (2001).

[14] See *Keef*, supra.

*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.