## A04A1779. FINNEY v. THE STATE.
### (606 SE2d 637)

JOHNSON, Presiding Judge.

Charles Finney was tried by a judge sitting without a jury and found guilty of possession of cocaine. He appeals from his conviction, challenging the admissibility of a statement he made to police, the admissibility of cocaine found in his pocket during a search incident to arrest, and the sufficiency of the evidence to support the conviction. We affirm the conviction.

Viewing the evidence in a light most favorable to the verdict,[1] it shows that police officers obtained a warrant to arrest Finney on charges of child molestation and statutory rape. On January 22, 2002, as officers were placing Finney under arrest, they searched his clothing and found three rocks of crack cocaine in the pocket of his pants. When questioned, Finney told officers that he was holding the cocaine for some friends and they were all going to smoke it later.

In September 2002, the state filed an indictment against Finney for possessing cocaine on January 22, 2002. In March 2003, the state filed a separate four-count indictment against Finney for child molestation, statutory rape, possession of marijuana, and contributing to the delinquency of a minor; these acts were allegedly committed on January 15, 2002. A jury found Finney guilty on all four counts charged in this indictment. Finney appealed from the convictions entered on the verdict. This Court affirmed his convictions in an unreported opinion on February 20, 2004. We held, among other things, that the trial court did not err in denying Finney's motion to suppress the statement he made to police.

In the meantime, the possession of cocaine charge set out in the first indictment proceeded to a bench trial. This appeal is from the trial court's conviction on that charge.

1. Finney challenges the trial court's admission of the custodial statement he made to police on January 22, 2002. He urges that the

---

[1] *Lester v. State,* 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

statement was not admissible because he asked to have "someone" present during the interrogation but that, despite his request, officers continued questioning him.[2] He points to the fact that he refused to sign a waiver form during the interrogation as evidence that his statement was not voluntarily made.

Finney raised precisely this same argument about the same statement in his previous appeal. As was fully explained in this Court's earlier opinion, Finney's statement was voluntary. The trial court did not err in allowing the statement into evidence.

2. Finney contends that police were not authorized to search him because they had no search warrant and he did not threaten them in any way. We disagree.

When a lawful arrest is effected, a peace officer may reasonably search the person arrested.[3] The officer was therefore entitled to search Finney incident to the lawful arrest.[4] Although Finney states generally that "this was not a proper arrest," he points to no facts nor any argument or authority to support such a contention. This enumeration presents no basis for reversal of the trial court's ruling.[5]

3. Finney's challenge to the sufficiency of the evidence is without merit. While he admits that the cocaine was found on his person, he contends that the evidence was inadmissible. He makes no specific argument to support this enumeration, so we presume that his position is based on the contentions discussed in Divisions 1 and 2, supra. Those arguments lack merit, and it is undisputed that police found cocaine in his pocket. The evidence was sufficient to support the conviction.[6]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 12, 2004.

*Brian M. House*, for appellant.

---

[2] When asked who he meant by "someone," 23-year-old Finney replied that he wanted his mother present. Officers told Finney that, as an adult, he had no right to have his mother present, then discussed with him his right to an attorney. See *Smith v. State*, 276 Ga. 97, 98 (2) (575 SE2d 450) (2003) (adult accused has no right to presence of parent during questioning).

[3] *Brannon v. State*, 231 Ga. App. 847, 848 (500 SE2d 597) (1998); *Bagwell v. State*, 214 Ga. App. 15, 16 (446 SE2d 739) (1994).

[4] See *Bagwell*, supra; see generally *State v. Cooper*, 260 Ga. App. 333, 337 (2) (579 SE2d 754) (2003).

[5] See generally *Redding v. State*, 246 Ga. App. 515 (541 SE2d 122) (2000) (enumeration abandoned where argument not supported by citation to relevant authority or with reasoned argument).

[6] See generally *McGhee v. State*, 223 Ga. App. 123, 124 (476 SE2d 853) (1996).

*Herbert E. Franklin, Jr., District Attorney, Grover W. Hudgins, Assistant District Attorney*, for appellee.