## 65548. McGARL v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for burglary and attempted burglary. *Held:*

1. When a prosecution witness was being cross-examined, the trial court, on the state's objection, refused to permit defense counsel to elicit that the witness had refused to discuss the case with defense counsel prior to trial. The purpose of the questioning was to show possible bias on the part of the witness. The ruling is enumerated as error.

Pretermitting whether the ruling improperly restricted cross-examination as defendant contends, we find no merit in the enumeration as no predicate for the admission of such testimony was established.

"[T]he testimony was inadmissible for the reason that the proper foundation had not been laid. . . . The general rule is that a witness may be interrogated as to the state of his or her feelings towards one of the parties. If the witness denies having ill feelings, further examination may be conducted for purposes of impeachment by proving that ill feelings do in fact exist. If, however, the witness

admits a feeling of dislike or hostility toward the defendant. . . . it is not competent to inquire into the cause thereof, and specific details of particular transactions and conversations should be excluded. [Cits.]" *Schamroth v. State,* 84 Ga. App. 580 (2), 584-5 (66 SE2d 413).

2. The witnesses were sequestered but a police detective was permitted to remain in the courtroom to assist the prosecutor. During the course of the trial the prosecutor sent the detective to telephone another police officer witness whose presence was needed. Defendant's motion for mistrial on the ground that the rule of sequestration had been violated was denied, which is asserted as error.

Code Ann. § 38-1703 establishes the rule of sequestration of witnesses and "provides only that witnesses be examined out of the hearing of each other, and there is no requirement that prospective witnesses remain free of other contact or communications." *Mathis v. State,* 249 Ga. 454 (2), 455 (291 SE2d 489).

The detective was questioned under oath by the court and testified that upon the prosecutor's instructions he left the courtroom, called the other officer, told him to come to the court, and returned to the courtroom.

Such conduct does not violate the sequestration rule and the trial court did not err in denying the motion for mistrial.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 3, 1983.

*Ralph J. Baldwin,* for appellant.

*Spencer Lawton, Jr., District Attorney, M. Kay Jackson, David T. Lock, Assistant District Attorneys,* for appellee.