## 66518. GAULDEN v. THE STATE.

BIRDSONG, Judge.

Thomas Gaulden was convicted of vehicular homicide in the first degree and sentenced to serve five years. He enumerates as error the sufficiency of the evidence to support the verdict and judgment and, related thereto, the adequacy of representation by his retained counsel during the trial proceedings. *Held:*

1. Though the evidence was in dispute, the jury was warranted in believing that Gaulden in the early afternoon of November 30, 1981, and after having consumed an unknown quantity of beer and whiskey, was proceeding in a southerly direction on a three-lane highway toward Brunswick. There were two lanes permitting traffic

to move southward toward Brunswick. The third lane authorized single lane movement toward Jesup, i. e., northward away from Brunswick. Apparently the victim, driving her car, pulled onto the highway from the east, turned right and drove north toward Jesup. The evidence authorized a finding that Gaulden commenced to move from the southbound outside lane toward the center of the road but continued on into the northbound lane and stopped momentarily before the northbound vehicle arrived at that point. There apparently was no opportunity for the northbound car to stop for no brake marks were present. The northbound car crashed into the appellant's car in the northbound lane resulting in injury to the appellant Gaulden and the nearly instantaneous death of the driver of the northbound vehicle. Gaulden was trapped in his vehicle for about 40-45 minutes. Both he and the deceased were transported to a nearby hospital where a blood sample was taken and a test performed on the blood of each. The victim's blood was negative for alcohol and Gaulden's blood showed a .18 concentration even though the test was performed approximately 1-1/2 hours after the accident. There was evidence offered by Gaulden that he pulled into the center lane only and that the victim had incautiously and negligently crashed into Gaulden's vehicle, causing him injury and her own death.

We will not speculate as to what evidence the jury chose to believe or disbelieve. On appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). Where the testimony of the state and that of the defendant is in conflict, the jury is the final arbiter. *Crews v. State,* 133 Ga. App. 764 (213 SE2d 34). After the verdict is approved by the trial court the evidence will be construed so as to uphold the verdict even where there are discrepancies. *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293). Viewing the evidence in that light, any rational trier of fact could have concluded reasonably that Gaulden, while under the influence of alcohol, incautiously drove his car into the lane of oncoming traffic without warning to an approaching car resulting in the creation of a hazardous situation from which the approaching driver could not extricate herself, and causing the crash and the victim's death. From such evidence, we have no hesitancy in concluding that the jury was warranted in returning a verdict of guilty of vehicular homicide in the first degree. See *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

2. In his other enumeration, Gaulden complains that he was denied effective assistance of legal representation because of the lack of preparation for trial, failure of consultation with witnesses,

improvident trial tactics and failure to pursue appropriate discovery.

While there are numerous complaints presented by newly associated counsel concerning appellant's retained trial counsel relating to his representation, the principal contentions relate to the calling of a witness who gave exculpatory evidence but whose truthfulness was called into question during the trial and who later entered a plea of guilty to perjury relating to that testimony; the failure to keep from evidence results of the blood test because of break in the custody and discrepancy in the amount of blood drawn and submitted for evaluation; and failure to object to the admission of damaging testimony where hindsight shows objection might properly have been made.

Faced with a cold record of written word, we are unable to ascertain the propriety of calling as a witness one who ultimately acknowledged himself to be a perjurer. The witness' testimony on its face appeared plausible and it was only after impeachment was offered by the state that the truthfulness of the testimony came into question. While ordinarily we will not consider the affidavits of witnesses attached to a brief, we are faced in this case with allegations of malfeasance by a retained counsel which are raised for the first time on appeal, after the transactions are part of the case history. Retained counsel in his own defense contends that he did in fact fully interview the challenged witness and otherwise fully prepared the case for trial and the record shows the counsel interviewed numerous other witnesses inasmuch as the defense case showed a tracing of Gaulden's movements throughout the morning and afternoon of the fatal accident.

Secondly as to the chain of custody of the blood, there was evidence that two different persons removed blood from the deceased and the appellant. The nurse who removed the blood from the victim did not recall how much blood she removed or in how many vials. The officer requesting and receiving the blood samples testified that he received one vial of blood from each subject. He placed the blood in a cooler, kept it for a couple of days, and then delivered the blood as received by him to the lab for examination. The discrepancy arose because the lab technician testified that he received two vials of blood for each subject. However, there is no indication that the blood received by the officer, stored, transported to the lab, and examined by the technician was not the blood removed from the victim and appellant. The only question dealt not with the probability of tampering but with the changed number of vials. This discrepancy was highlighted for the jury and they could not help but be aware of the discrepancy caused by the different number of vials collected and analyzed.

As to the actions of counsel before, during and after trial, the record and transcript reflect that the retained trial attorney requested a preliminary hearing, obtained upon motion a copy of the indictment, list of witnesses, and a copy of the lab report, filed numerous and pertinent requests for charge, cross-examined with pertinent questions all the state's witnesses, made numerous pertinent objections during the progress of the trial, made a motion for directed verdict, made an opening statement and closing argument, and presented a viable defense on behalf of the defendant.

We start with the premise that where a defendant has privately retained counsel, that counsel's tactics and abilities are attributed to the defendant. *Allen v. Hopper,* 234 Ga. 642, 643 (217 SE2d 156); *Suits v. State,* 150 Ga. App. 285 (1) (257 SE2d 306). Moreover, our review of the transcript and record simply fails to support Gaulden's contention of ineffectiveness of counsel. In absence of a reasonable showing, and we find none in this record, that retained counsel's loyalty, integrity or best use of his ability is questioned, appellant has not demonstrated any grounds for a new trial. *Walker v. State,* 226 Ga. 292, 295 (174 SE2d 440). Errors of judgment and tactical errors, assuming such, do not constitute denial of effective assistance of counsel. In fact, we are satisfied from our review of the record that retained counsel met the test of being reasonably likely to render and rendering reasonably effective assistance required of counsel, a more stringent standard than formulated in Fitzgerald v. Estelle, 505 F2d 1334 (5th Cir. 1974) for retained counsel. See *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515). While another lawyer might have conducted the defense of the case in a different manner, might have exercised different judgments with respect to witnesses called, objections made, or trial decisions in the conduct of the defense, the fact that retained counsel chose to prepare and try the case as he did, and made decisions with which newly associated counsel now disagree, does not mandate a finding that retained trial counsel's representation was so inadequate as to amount to a denial to Gaulden of the effective assistance of counsel. *Estes v. Perkins,* 225 Ga. 268 (1) (167 SE2d 588). We find no merit in this enumeration.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

Decided July 12, 1983.

*Douglas W. Alexander, E. Scott Coulter,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III,*

*Assistant District Attorney,* for appellee.