## 69253. WALDEN v. THE STATE.
(326 SE2d 838)

POPE, Judge.

Appellant appeals from a jury verdict convicting him of three counts of forgery in the first degree.

1. In his first enumeration of error, appellant raises the general grounds. OCGA § 16-9-1 (a) provides: "A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing." " 'The gravamen of the offense was that [appellant] without authority and with intent to defraud possessed a "writing" purportedly endorsed by others and uttered or delivered it.' *Henderson v. State*, 146 Ga. App. 114, 115 (1) (245 SE2d 437) (1978)." *Johnson v. State*, 158 Ga. App. 183, 184 (279 SE2d 483) (1981). See *LaPann v. State*, 167 Ga. App. 288 (6) (306 SE2d 373) (1983). The State presented evidence to show that in December 1983 three separate personalized checks were written on the account of Darron Gates at the Etowah Bank. Each was endorsed in Gates' name and each was presented to a business in Cherokee County in exchange for goods and cash. Each check was returned by the bank because Gates' account with the Etowah Bank had been closed almost two years before. Gates testified that he did not write, endorse or utter any of the checks. Further, Gates did not provide the checks to appel-

lant nor give him permission to use them. Gates testified that he had been acquainted with appellant for a long time and that they had been neighbors. After his account was closed, according to Gates, he had a box of the old checks. When he moved from his father's house, he thought that he threw the box of checks away. Each person who had accepted and cashed the forged checks identified appellant as the perpetrator.

We find the evidence sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of all three counts of forgery in the first degree. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Woody v. State*, 166 Ga. App. 666 (2) (305 SE2d 365) (1983); see also *Banks v. State*, 162 Ga. App. 205 (290 SE2d 549) (1982).

2. Appellate counsel for appellant next contends that trial counsel rendered ineffective assistance in failing to object to the reference by a State's witness to "mug shots" in discussing a photographic display, as well as making a verbal motion to suppress certain identification testimony after the rule of sequestration had been invoked but prior to actual removal from the courtroom. We note first that even with timely objection, neither would be grounds for reversal. See respectively *Hunter v. State*, 170 Ga. App. 356 (2) (317 SE2d 332) (1984), and *Brewer v. State*, 162 Ga. App. 228 (1) (291 SE2d 87) (1982). See generally *Mathis v. State*, 249 Ga. 454 (2) (291 SE2d 489) (1982); *Stevens v. State*, 247 Ga. 698 (6) (278 SE2d 398) (1981); *McGarl v. State*, 165 Ga. App. 323 (2) (301 SE2d 58) (1983). Further, it is apparent from the transcript that trial counsel was prepared for trial and proceeded to conduct a viable defense on appellant's behalf. A witness was presented in support of his defense of alibi and the State's witnesses were vigorously cross-examined on the possibility of their misidentification of appellant.

"In determining whether appellant was afforded effective assistance of counsel, this court must consider (1) whether the [appellant] had a defense which was not presented; (2) whether counsel investigated the facts and consulted with his client about the case; (3) whether the omissions alleged to have been committed by the attorney were the result of inadequate trial preparation or simply the result of unwise trial tactics." *Brand v. State*, 169 Ga. App. 118 (312 SE2d 157) (1983). See *Spence v. State*, 163 Ga. App. 198 (1) (292 SE2d 908) (1982). "The constitutional right to the assistance of counsel means counsel who renders reasonably effective assistance, not errorless counsel and not counsel judged ineffective by hindsight." *Fegan v. State*, 154 Ga. App. 791, 792 (270 SE2d 211) (1980). Accord *Hudson v. State*, 250 Ga. 479 (8) (299 SE2d 531) (1983); *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974). "Our examination of the record and transcript fails to disclose any defense which was not

presented . . . or that counsel failed to consult sufficiently with the [appellant] or failed to investigate the facts and the law in the trial of the case." *Harper v. State*, 170 Ga. App. 601, 602 (317 SE2d 567) (1984). Instead, we find that trial counsel provided competent, adequate and effective assistance to appellant. "Although another lawyer may have conducted appellant's defense in a different way, asked different questions, made more objections, etc., the fact that trial counsel made decisions during trial with which appellant and his current counsel now disagree does not require a finding that the original representation of appellant was so inadequate as to amount to a denial of effective assistance of counsel." *Crews v. State*, 170 Ga. App. 104, 105 (316 SE2d 549) (1984). See also *Gaulden v. State*, 167 Ga. App. 433 (2) (306 SE2d 425) (1983). Accordingly, we find no merit in this enumeration.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 13, 1985.

*David L. Cannon*, for appellant.
*Rafe Banks III, District Attorney*, for appellee.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*