## 44115. CLAY v. THE STATE.
### (353 SE2d 517)

WELTNER, Justice.

Kevin Clay was convicted of the malice murder of Brian Carroll and was sentenced to life imprisonment.[1] Clay and Carroll worked on the same shift at a manufacturing plant. The two quarreled. Without warning, Clay struck Carroll on the head with a metal tube. Carroll collapsed immediately and never regained consciousness. The blow resulted in an injury to Carroll's brain stem which caused his death. Nine workers witnessed some or all of the events leading up to the fatal assault, and five people saw Clay strike Carroll.

1. The evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Clay contends the trial court committed error in admitting a recent photograph of Carroll and his wife. The photograph was tendered on the theory that it identified the victim. In *Sizemore v. State*, 251 Ga. 867, 868 (310 SE2d 227) (1984), we held that a photograph of the victim in life, in conjunction with an investigating officer's testimony that the person depicted in the photograph was the victim of a shooting, was admissible to prove corpus delicti; that is, to prove that the alleged victim was actually dead. In this case, however, the photograph of the victim and his wife was not used to identify the victim of Clay's fatal assault. All the widow could say was: "It's a picture of me and him," i.e., Carroll. There was no error.

3. Clay complains that a witness for the state was allowed to testify that after the fatal assault he heard an unidentified person say: "This colored dude came running through the warehouse and liked to have knocked me down." The evidence shows that shortly after he struck Carroll, Clay ran from the plant. The testimony was admitted as part of the *res gestae*. There was no error. *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982).

4. Clay asserts that the evidence did not establish beyond a reasonable doubt that Carroll's death resulted from any action of Clay, and that a verdict of not guilty should have been directed by the trial court. The evidence given by three physicians establishes without question that Carroll died of the blows administered by Clay, which resulted in such damage to the brain stem that Carroll continued to breathe and that his heart continued to beat only because of a life support system. The blow resulted in irreversible cessation of all

---

[1] The murder was committed on December 5, 1985. Clay was indicted on January 3, 1986, and he was convicted and sentenced on May 23, 1986. The transcript of evidence was filed on July 21, 1986. Clay's motion for new trial was heard on September 18, 1986, and was overruled on November 12, 1986. The notice of appeal was filed on October 9, 1986, and the record was docketed in this court on November 25, 1986. Oral arguments were made on January 16, 1987.

functions of the entire brain. OCGA § 31-10-16 (a). This contention is inconsistent with the evidence.

5. Clay's last complaint is that the trial court erred when it failed to prohibit the district attorney from arguing to the jury that it could "infer" intent just from the way and manner that Clay used the metal tube. He cites no authority for this proposition. There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 12, 1987.

*Floyd H. Farless,* for appellant.

*Stephen F. Lanier, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.