## S11A0943. HANDLEY v. THE STATE.
### (716 SE2d 176)

CARLEY, Presiding Justice.

A jury found Appellant Drexton Handley guilty of the malice murder of William Stillwell and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction on the guilty verdicts and sentenced Appellant to life imprisonment for murder and to a consecutive five-year term for the weapons offense. A motion for new trial was denied, and he appeals.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that the victim stopped his vehicle to purchase crack cocaine and was approached by four or five men. The victim bought some cocaine, but an argument ensued regarding whether the product was worth less than what he had paid. Appellant snatched the victim's keys out of the ignition, pulled out a handgun, and fatally shot the victim in the right side of his chest. Appellant and all of the men surrounding the vehicle fled the scene. Appellant contends that the evidence was insufficient to support the verdict for murder, as no forensic or physical evidence was presented to establish his presence or culpability, and the identification witnesses, one of whom recanted at trial and another of whom testified only pursuant to a grant of immunity, were themselves initially suspects and had given inconsistent statements to investigating officers.

However, even in the absence of forensic evidence, the credibility of eyewitness testimony is within the exclusive province of the jury, and the testimony of but a single witness generally is sufficient pursuant to OCGA § 24-4-8. *Colzie v. State,* 289 Ga. 120, 121 (1) (710 SE2d 115) (2011); *Reeves v. State,* 288 Ga. 545, 546 (1) (705 SE2d 159) (2011). Of course, in felony cases the testimony of an accomplice must be supported by the testimony of at least one other witness or by corroborating circumstances. OCGA § 24-4-8; *Herbert v. State,* 288 Ga. 843, 844 (1) (708 SE2d 260) (2011). However, we question whether any of the witnesses may be considered an accomplice. See *Moore v. State,*

---

[*] The crimes occurred on August 28, 2007, and the grand jury returned an indictment on January 11, 2008. The jury found Appellant guilty on October 8, 2009, and, on the following day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on October 14, 2009, amended on October 12, 2010, and denied on December 7, 2010. Appellant filed the notice of appeal on December 22, 2010. The case was docketed in this Court for the April 2011 term and submitted for decision on the briefs.

288 Ga. 187, 189 (1) (702 SE2d 176) (2010). Moreover, " '(t)he testimony of one accomplice may be used to corroborate that of another.' [Cit.]" *Herbert v. State,* supra. "The jury is to determine the credibility of witnesses, so the truthfulness of those witnesses, including that of . . . possible accomplice[s], was for the jury to decide. [Cit.]" *Kinney v. State,* 271 Ga. 877, 880 (2) (525 SE2d 91) (2000).

For the same reason, Appellant's reliance on the witnesses' inconsistent statements is misplaced. *Rucker v. State,* 272 Ga. 750, 752 (2) (534 SE2d 71) (2000). Likewise, "[i]n discharging its duty to evaluate the credibility of witnesses . . . , the jury was authorized to believe [the recanting witness'] inculpatory pre-trial statements and to reject [his] exculpatory testimony at trial. [Cit.]" *Sharpe v. State,* 272 Ga. 684, 685 (1) (531 SE2d 84) (2000). See also *Kinney v. State,* supra. Furthermore, the evidence was not insufficient simply because one eyewitness testified pursuant to a grant of immunity or because some of the witnesses were initially suspects themselves. See *Harden v. State,* 278 Ga. 40, 41 (1) (597 SE2d 380) (2004).

" ' "It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." ' " *Herbert v. State,* supra at 845 (1). The evidence was sufficient to enable a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that his trial counsel was ineffective in several respects. To prevail on a claim of ineffective assistance of counsel pursuant to *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), "a criminal defendant is required to show that counsel's performance was deficient and that, but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different. [Cit.]" *Reeves v. State,* supra at 546 (2). On appeal, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cits.]" *Suggs v. State,* 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

(a) On direct examination of a State's witness, the prosecutor established that the witness did not want to testify and asked him to explain. The witness referred to the truth and his attempt to do right and better his life by being in school and looking for a job. The witness then answered affirmatively when the prosecutor asked, "So you are trying to get your life together, huh, and it starts today by telling the truth; right?" Appellant urges that his attorney was ineffective in failing to object to this testimony on the ground that it constituted improper bolstering.

It has been " 'repeatedly held that a witness, even an expert, can never bolster the credibility of another witness as to whether the

witness is telling the truth.' [Cit.]" *Jackson v. State*, 288 Ga. App. 432, 433 (1) (a) (654 SE2d 232) (2007). However, we question whether a witness can be prohibited on direct examination from asserting his own credibility by testifying that he is telling the truth and giving some explanation. Compare *Manzano v. State*, 282 Ga. 557, 560 (3) (b) (651 SE2d 661) (2007); *Hardy v. State*, 293 Ga. App. 265, 269 (4) (666 SE2d 730) (2008). Moreover, convictions where trial counsel failed to object to bolstering testimony have not been reversed

> when counsel testified reasonably and consistently about the strategic basis for not objecting. [Cits.] In short, these cases are very fact-intensive, which is why we do not substitute our judgment for the trial court's unless the court's decision has no objective support in the record.

*Gregoire v. State*, 309 Ga. App. 309, 312-313 (2) (711 SE2d 306) (2011). At the hearing on the motion for new trial in this case, trial counsel testified that it was her strategy to allow the witness to talk about telling the truth in court since she planned to impeach him with a prior inconsistent statement and did in fact weaken his credibility in that way. See *Lindo v. State*, 278 Ga. App. 228, 236 (4) (b) (628 SE2d 665) (2006).

(b) Appellant also asserts that trial counsel was ineffective in failing to object to the lead investigator's testimony as to how he collected "mug shots" of Appellant and others in the process of identifying those who were present at the crime scene. However, the officer's mention of Appellant's photograph was "a mere reference to the fact that [it] was already in police records, which did not place [Appellant's] character in issue. [Cits.]" *White v. State*, 267 Ga. 523, 524 (6) (481 SE2d 804) (1997). Thus, even with timely objection, such reference would not be a ground for reversal and therefore cannot constitute ineffective assistance of counsel. *Walden v. State*, 173 Ga. App. 478, 479 (2) (326 SE2d 838) (1985).

(c) The prosecutor cross-examined Appellant regarding the inadequacy of his assistance to investigators and to his attorney in locating an alibi witness despite the seriousness of the charges. On redirect examination, trial counsel questioned Appellant as to whether he gave his attorneys all of the information that he had with respect to the alibi witness. Appellant contends that, because this questioning clearly implied that he did not and could not give detailed contact information for the alibi witness since she did not exist, trial counsel became his adversary and was actually seeking to protect her own interests instead of Appellant's.

For Appellant " 'to prevail on his claim that his attorney was

operating under a conflict of interest that violated his right to counsel, he must show an actual conflict of interest that adversely affected his attorney's performance. (Cit.)' [Cit.]" *Moon v. State*, 288 Ga. 508, 514 (8) (705 SE2d 649) (2011).

> Not all conflicts of interest are between codefendants or between defendants and third parties. Conflicts of interest also may arise between the defendant and the defense counsel. The key here should be the presence of a specific concern that would divide counsel's loyalties. In some instances, defendants have sought (usually unsuccessfully) to convert general incompetence claims into conflict claims by arguing that the interest of counsel in protecting his reputation, in adhering to a particular philosophy, or in minimizing his effort constituted a conflicting interest that divided his loyalties. [Cits.] Typically, however, courts have looked to cases in which a representation fully devoted to defendant's interest is likely to produce an adverse consequence unique to the individual case. Thus, the paradigm case is that in which the lawyer representing the defendant fears opening himself up to criminal prosecution because he is under investigation for an offense relating to the same events. [Cits.]

3 Wayne R. LaFave et al., *Criminal Procedure* § 11.9 (a) (3d ed.). The alleged interest of trial counsel here was not the avoidance of a specific adverse consequence unique to this individual case, but rather was the more general interest in protecting her reputation. Moreover, counsel testified at the motion for new trial hearing that she was not being adversarial, but was acting in Appellant's best interest, trying to remind him of their preparation, specifically the questions which they had gone over regarding not being able to locate his witnesses and the reasons therefor. Thus, the trial court could reasonably find that trial counsel's examination only incidentally protected her reputation and that it primarily served the tactical purpose of reminding Appellant of their preparation and the need to testify clearly and consistently that he tried to obtain the presence of all material witnesses by giving his attorneys as much information as he had. See *Pullen v. State*, 208 Ga. App. 581, 586 (3) (431 SE2d 696) (1993). " ' "[A] mere possibility of conflict is insufficient to impugn a criminal conviction amply supported(, as in this case,) by competent evidence." ' [Cits.]" *Pullen v. State*, supra.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Dell Jackson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige R. Whitaker, Christopher M. Quinn, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.