## S13A1187. BROWDER v. THE STATE.
(751 SE2d 354)

BENHAM, Justice.

Melvin Browder filed this appeal from his conviction and sentencing for the murder of Eboni Galloway, aggravated assault of two other victims by discharging a firearm from within a motor vehicle toward a person, and possession of a firearm during the commission of a felony.[1] Browder asserts reversible error on several grounds. First, he asserts the evidence was insufficient to support a conviction

---

[1] The crimes occurred on April 10, 2008. On April 22, 2009, Appellant was indicted by the grand jury of Tattnall County for malice murder of victim Galloway, felony murder, three counts of aggravated assault by discharging a firearm from within a motor vehicle toward a person or persons with respect to victims Galloway, Johnson, and McNeal, and possession of a firearm in the commission of a felony. Appellant was tried October 26-27, 2009, along with co-defendant Jerry Downey and was found guilty of all charges. The trial court sentenced Appellant to life in prison on the malice murder conviction. The felony murder conviction was vacated as a matter of law, and the aggravated assault conviction with respect to victim Galloway was merged with the malice murder conviction. The trial court sentenced Appellant to concurrent terms in prison on the other convictions. Appellant moved for a new trial on November 24, 2009, which was later amended. After a hearing, the trial court denied his motion for new trial on March 8, 2013.

of murder or aggravated assault. Browder also claims the trial court erred by failing to give requested charges on involuntary manslaughter as a lesser included offense of the murder charge; by admitting out-of-court statements made by the co-defendant; and by denying his motion for new trial on the ground that he received ineffective assistance of counsel at the trial. For the reasons set forth below, we affirm the convictions and the trial court's denial of Browder's motion for new trial.

Viewed in the light most favorable to the verdict, the evidence shows Browder and his accomplices drove in two different vehicles to a neighborhood in response to a report by female relatives of co-defendant Jerry Downey that they had been involved in a physical altercation. Browder was a passenger in the vehicle driven by Downey. Browder took a gun with him because, he testified, "I just know how they [are] down there," and he also testified he had the gun "ready." They drove twice through the neighborhood through a crowd that had gathered, some carrying sticks and bats. One of the assault victims, Mr. McNeal, appeared to rush toward the car in which Browder was a passenger in an aggressive manner and to yell at them. Ms. Galloway and another woman were following McNeal toward the car. McNeal had a BB gun or air gun in his possession that looked like a real gun, but there is no evidence he brandished the weapon at anyone, and Browder testified he never saw a gun. Browder testified, however, that it appeared to him that two boys were running toward the car with their hands not in plain sight and he thought he heard gunfire. Browder admitted he fired two shots from the passenger's side of the car while leaning over the roof. Browder testified he did not intend to fire at anyone but only intended to fire into the air to scare what he thought were assailants. A bullet hit victim Galloway in the neck, severing her spine and spinal cord. She died several days later after she was removed from life support because the medical prognosis was that she would never be able to breathe without life support and she had minimal brain activity. Upon conviction by a jury, Browder was sentenced to life in prison for murder with sentences for the other convictions to be served concurrently.

1. With respect to malice murder, Browder asserts no evidence was presented to support a finding of specific intent to kill under OCGA § 16-5-1 (a) or to support a finding of implied malice under

---

Appellant timely filed a notice of appeal on March 12, 2013, and the case was docketed in this Court to the April 2013 term for a decision to be made on the briefs.

OCGA § 16-5-1 (b). We agree the evidence was insufficient to establish specific intent to kill. But pursuant to OCGA § 16-5-1 (b), "[m]alice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." In a case involving implied malice, the state has the burden of proving beyond a reasonable doubt that no considerable provocation for the killing was present and that all the circumstances of the killing show an abandoned or malignant heart. *Tucker v. State*, 245 Ga. 68, 70 (5) (263 SE2d 109) (1980). But the question of "[w]hether or not a provocation, if any, is such a serious provocation as would be sufficient to excite a sudden, violent, and irresistible passion in a reasonable person, reducing the offense from murder to manslaughter, is generally ... for the jury." *Anderson v. State*, 248 Ga. 682, 683 (3) (285 SE2d 533) (1982). From the evidence presented concerning the behavior of the crowd at the scene of the killing and specifically the actions of McNeal, it is apparent the jury did not find considerable provocation for the killing.

Browder testified that he had no intent to shoot anyone but meant only to shoot into the air to warn McNeal away from the car. Implied malice, however, may be found when the defendant's conduct exhibits a reckless disregard for human life. *Parker v. State*, 270 Ga. 256, 260 (4) (507 SE2d 744) (1998), overruled on other grounds by *Linson v. State*, 287 Ga. 881 (700 SE2d 394) (2010). This Court has adopted the definition of implied malice as being

> extremely negligent conduct, which creates what a reasonable man would realize to be not only an unjustifiable but also a very high degree of risk of death or serious bodily injury to another or to others — though unaccompanied by any intent to kill or do serious bodily injury — and which actually causes the death of another . . . . [R]eckless disregard for human life may be [the] equivalent [of] a specific intent to kill.

Id. (Citation and punctuation omitted.)

Browder further testified that he felt threatened and acted in self-defense and, at his request, the jury was instructed on the law of self-defense as set forth in OCGA § 16-3-21. Again, however, "[w]hether the circumstances of the confrontation between the victim and appellant were such as to excite the fears of a reasonable person that he had to use deadly force in order to prevent the use of deadly force against him is a question for the jury." *Andrews v. State*, 267 Ga. 473, 474 (1) (480 SE2d 29) (1997); see also *Sifuentes v. State*, 293 Ga. 441 (1) (746 SE2d 127) (2013).

It is not the job of this Court to weigh the evidence on appeal or resolve conflicts in trial testimony but rather "to examine the evidence in the light most favorable to the verdict and to determine whether any rational trier of fact could have found appellant guilty beyond a reasonable doubt." *Caldwell v. State*, 263 Ga. 560, 562 (1) (436 SE2d 488) (1993). Having reviewed the evidence presented at trial, we find it was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Browder did not act in self-defense, that no considerable provocation appeared from the evidence, and that his acts demonstrated such reckless disregard for human life that implied malice was established to support the conviction for murder. In summary, the evidence was sufficient to authorize a rational trier of fact to find Browder guilty of murder beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

Having found the evidence sufficient to affirm the conviction for malice murder, the issue of whether the evidence was sufficient to convict of felony murder, pursuant to OCGA § 16-5-1 (c), is now moot because the felony murder conviction was vacated by operation of law by virtue of the fact that Browder was convicted on the charge of malice murder. See *Hoehn v. State*, 293 Ga. 127, 130 (3) (744 SE2d 46) (2013); *Miller v. State*, 289 Ga. 854, 861 (9) (717 SE2d 179) (2011).

We find no merit in Browder's assertion that the State failed to present sufficient evidence that the gunshot was the cause of death. The medical examiner who conducted the autopsy testified that the cause of death was the victim's gunshot wounds. The treating surgeon testified the injuries from the gunshot wound made it impossible for the victim ever to breathe on her own. He also testified that although the victim was never declared brain dead before life support systems were removed and that trace brain wave forms were present, the victim's brain activity was incompatible with "meaningful life." Citing OCGA § 31-10-16 (a) and *Clay v. State*, 256 Ga. 797 (4) (353 SE2d 517) (1987), Browder asserts the evidence did not establish the victim was legally dead at the time life support systems were disconnected and thus the evidence was insufficient to establish the victim's gunshot injury to be the efficient, proximate cause of death. We disagree. Expert testimony established that the victim died as the result of an inability to breathe which was the result of injuries sustained from the gunshot wound. Because the injuries were such that the victim could not live once life support systems were removed, the evidence was sufficient to authorize the jury to find the victim died as a result of the injuries inflicted by Browder. See *Phillips v. State*, 280 Ga. 728, 729 (1) (632 SE2d 131) (2006) (evidence sufficient to support conviction for murder where the victim's brain injuries

were such that he could not live when taken off life support). See also *Hicks v. State*, 285 Ga. 386 (1) (677 SE2d 111) (2009) (evidence sufficient to support conviction where the forensic pathologist determined the victim's death after life support equipment was removed to be the result of complications from a physical assault).

2. Browder asserts the trial court erred in refusing to give a jury instruction on involuntary manslaughter as a lesser included offense. We agree with the trial court that the evidence did not support such a charge. "A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." OCGA § 16-5-3 (a). At the charge conference, Browder's counsel argued a jury could conclude that Browder caused the victim's death by engaging in reckless conduct, an unlawful act that is not a felony, and thus could convict for involuntary manslaughter. But Browder testified that he intentionally fired his gun from the vehicle in order to scare away the victims. One of the victims of the aggravated assault testified she was in fear for her life when she heard the first shot and turned and ran. The definition of simple assault is "an act which places another in reasonable apprehension of immediately receiving a violent injury,"[2] and the evidence is ample to support a finding of assault which is a requisite element of the felony of which Browder was charged: assault "without legal justification by discharging a firearm from within a motor vehicle toward a person or persons." OCGA § 16-5-21 (a) (3).[3] If Browder's act was criminal, and the evidence supports the jury's finding that it was, then the act clearly established the felony of aggravated assault and not mere reckless conduct. See *Rhodes v. State*, 257 Ga. 368, 369 (6) (359 SE2d 670) (1987) (a requested charge on misdemeanor manslaughter was properly denied where the evidence established the reason for appellant's pointing the weapon at another was to place that person in apprehension of immediate violent injury). The evidence does not support a charge for involuntary manslaughter.

3. Browder asserts the trial court's admission of testimony by an investigating GBI agent regarding out-of-court statements made to him by co-defendant Downey, who did not testify at trial, constitutes a violation of his Sixth Amendment right to confront witnesses against him, as set forth in *Bruton v. United States*, 391 U. S. 123 (88

---

[2] OCGA § 16-5-20 (a) (2).

[3] That the bullet struck the victim belies Browder's assertion that the evidence fails to show he shot "toward" a person or "toward the direction of" a person, as the indictment read.

SCt 1620, 20 LE2d 476) (1968) and *Crawford v. Washington*, 541 U. S. 36 (124 SCt 1354, 158 LE2d 177) (2004). Browder, however, did not raise this objection at trial. Consequently, Browder waived this issue for appellate review.[4] See *Durham v. State*, 292 Ga. 239, 240 (2) (734 SE2d 377) (2012); *Walton v. State*, 278 Ga. 432, 434 (1) (603 SE2d 263) (2004).

4. Finally, Browder maintains he received ineffective assistance of counsel on three grounds.

> To prevail on a claim of ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a criminal defendant is required to show that counsel's performance was deficient and that, but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different. On appeal, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

*Handley v. State*, 289 Ga. 786, 787 (2) (716 SE2d 176) (2011) (citations and punctuation omitted). Addressing Browder's first ground for appeal of the trial court's denial of his assertion of ineffective assistance of counsel, we have reviewed the testimony of Browder and his trial counsel presented at the hearing on the motion for new trial and find no error in the court's conclusion that Browder failed to show trial counsel's alleged inadequate preparation or communication with the client.

Browder's second ground for alleging ineffective assistance of counsel relates to counsel's waiver of a *Bruton* challenge to the admission of co-defendant Downey's out-of-court statements. At the pretrial motions hearing, Browder's counsel expressly waived any challenge to the admission of co-defendant Downey's out-of-court statements to the investigating officer and stated he did not have a *Bruton* objection because Downey told the agents some things that will actually help his client. At trial, the agent testified without objection that, among other things, Downey told him he was unaware that Browder had a gun with him until after he heard the gunfire and looked over and saw it in Browder's hands. Contrary to Browder's

---

[4] Pretermitting the issue of whether the admission of this evidence was erroneous, this case was tried prior to the January 1, 2013, effective date for the new Evidence Code, pursuant to which a court may consider plain errors in the admission of evidence even though such errors were not brought to the attention of the court. OCGA § 24-1-103 (d).

testimony, however, Downey also stated he did not see anyone in the crowd with a gun and did not hear any other gunshots before Browder fired his gun. Browder asserts the admission of these statements harmed his credibility as a witness and undermined his self-defense theory because, unlike any other trial witnesses who gave testimony on these subjects, Downey's perspective was similar to that of Browder. Nevertheless, at the hearing on Browder's motion for new trial, his trial counsel testified that the decision not to object to the admission of Downey's statement was made after discussing with Browder his opinion that, from a strategic standpoint, Downey's statement that he was unaware that Browder had a gun "somewhat negated any criminal intent [Browder] may have." He reasoned that, had Browder gone to the site of the shooting with an intent to actually shoot someone, he probably would have told Downey he had a gun and shown it to him. This reasoning, in addition to the totality of the evidence against Browder, led him to believe the admission of Downey's statement was actually helpful to Browder's defense. Although Browder also testified and denied he had been so advised, we will not disturb the trial court's credibility determinations. See *Handley*, supra, 289 Ga. at 787. A decision not to raise a *Bruton* objection to the admission of a co-defendant's out-of-court statement can, depending upon the circumstances, be the result of reasonable trial strategy. See *Washington v. State*, 285 Ga. 541, 543 (3) (a) (i) (678 SE2d 900) (2009). When, as here, a strategic choice is made after thoughtful consideration, a claim of ineffective assistance of counsel is not supported. See *Bunkley v. State*, 278 Ga. App. 450, 454 (1) (a) (629 SE2d 112) (2006). Decisions relating to strategy and tactics "must not be judged by hindsight or the ultimate result of the trial." *Williams v. State*, 280 Ga. 539, 543 (2) (630 SE2d 410) (2006). From the facts of this case, we find Browder failed to show he received ineffective assistance of counsel as a result of counsel's waiver of a *Bruton* challenge to the co-defendant's out-of-court statements.

As his final ground for asserting ineffective assistance of counsel, Browder claims his trial counsel erred in failing to make a written request for a charge on voluntary manslaughter as a lesser included offense of the crime charged. The record does not support this assertion. The transcript reflects that, at the charge conference, Browder's counsel submitted directly to the judge a written supplemental charge of voluntary manslaughter which the judge read into the record. The parties were afforded the opportunity to argue the requested charge. The record shows the court did not decline to give the charge because it was not properly requested but because the evidence did not support the charge of voluntary manslaughter.

For the reasons set forth above, Browder failed to make the requisite showing that trial counsel's performance was deficient. Consequently, we affirm the denial of his motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 2013.

*John K. Gross, Glen A. Cheney,* for appellant.

*Tom Durden,* District Attorney, *Joe G. Skeens, Melissa L. Poole,* Assistant District Attorneys, *Samuel S. Olens,* Attorney General, *Patricia B. Attaway Burton,* Deputy Attorney General, *Paula K. Smith,* Senior Assistant Attorney General, *David A. Zisook,* Assistant Attorney General, for appellee.