**FIRST DIVISION
DOYLE, C. J.,
ANDREWS, P. J., and RAY, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

May 18, 2016

# In the Court of Appeals of Georgia

A16A0270. HUGHEY v. THE STATE.                                    DO-009 C

DOYLE, Chief Judge.

Michael Hughey was convicted of criminal attempt to commit malice murder,[1] aggravated assault on a police officer,[2] possession of a firearm during the commission of a felony[3] (two counts), and possession of a firearm by a convicted felon.[4] Following the denial of his motion for new trial, Hughey appeals, contending that (1) his trial counsel was ineffective for failing to object to the trial court's jury charge on

---

[1] OCGA § 16-5-1 (a); 16-4-1.

[2] OCGA § 16-5-21 (d).

[3] OCGA § 16-11-106 (b) (1).

[4] OCGA § 16-11-131 (b).

implied malice, and (2) absent the erroneous jury instruction, the evidence was insufficient to support the guilty verdict. Discerning no error, we affirm.

Construed in favor of the verdict,[5] the record shows that in August 2011, a DeKalb County police officer executed a traffic stop of a vehicle because it lacked working tail lights. The officer approached the vehicle and requested identification from the driver and passenger. Hughey, the passenger, explained that he did not have identification but gave the officer his name and date of birth. The officer requested that the two occupants remain in the vehicle while he returned to his police cruiser to check for open warrants. During this process, Hughey kept opening his door and getting out of the car, against the officer's repeated requests that he remain inside his vehicle. Finally, as the officer received information that Hughey had an open warrant for his arrest, Hughey exited the vehicle, looked at the driver, looked at the officer, said, "Hey, I got to do it man," and took off running across the road. The officer pursued and drew his taser. As the officer closed the distance during the chase, Hughey stopped, turned, and pointed a 9 millimeter handgun at the officer. The officer stopped less than three feet from Hughey, who told the officer, "You better back your ass up." As the officer dropped the taser and reached for his service

---

[5] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

weapon, Hughey shot the officer, hitting him in the side of his chest in a gap in his protective vest. The officer returned fire, shooting two or three rounds, and Hughey again fled as the officer walked back to his police car to summon help. The officer later made a full recovery.

An eyewitness was able to identify Hughey in a photo lineup, and Hughey was later located and arrested. Shell casings from the scene were analyzed and matched to a nine millimeter handgun found in Hughey's hotel room at the time he was arrested.

Hughey was charged with attempted malice murder, aggravated assault on a police officer, possession of a firearm during the commission of a felony and an attempted felony, and possession of a firearm by a convicted felon. Following a trial, a jury found Hughey guilty of each count, and the trial court sentenced him to serve a total of 85 years in prison. On his motion for new trial, Hughey's total sentence was reduced to 50 years when the trial court merged the sentences for aggravated assault into attempted murder and one count of possession of a firearm into the other. The trial court otherwise denied Hughey's motion, giving rise to this appeal.[6]

---

[6] Because the original order on the motion for new trial was not served on Hughey's trial counsel, the appeal proceeded by way of Hughey's successful motion for an out of time appeal.

1. Hughey contends that he received ineffective assistance of counsel because his trial counsel failed to object to the jury instruction on criminal attempt to commit murder. We discern no error.

> To establish that his trial counsel was constitutionally ineffective, [Hughey] was required to prove both deficient performance by counsel and resulting prejudice. To prove deficient performance, Appellant had to demonstrate that counsel performed his duties in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms. Because judicial scrutiny of counsel's performance must be highly deferential, the law recognizes a strong presumption that counsel performed reasonably, and the defendant bears the burden of overcoming this presumption. To carry this burden, Appellant must show that no reasonable lawyer would have done what his counsel did, or failed to do what his counsel did not do. . . .

> Even if a defendant can prove that his counsel's performance was deficient, he must also prove prejudice by showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Rather, the defendant must demonstrate a reasonable probability of a different result, which . . . is a probability sufficient to undermine confidence in the outcome.[7]

---

[7] (Citations and punctuation omitted.) *Smith v. State*, 298 Ga. 406, 412 (3) (a) (782 SE2d 269) (2016), quoting *Strickland v. Washington*, 466 U. S. 668, 694 (III)

Here, Hughey urges that his counsel should have objected to the trial court's charge on attempted murder. The trial court used the pattern jury charge for criminal attempt[8] and malice murder,[9] instructing the jury as follows:

> A person commits criminal attempt to commit murder when, with intent to commit murder, that person performs any act that constitutes a substantial step towards the commission of the crime of murder.
>
> A person commits murder when that person unlawfully and with malice aforethought, either express or implied, causes the death of another human being. . . .
>
> Express malice is that deliberate intention unlawfully to take away the life of another human being, which is shown by external circumstances capable of proof.
>
> Malice may, but need not, be implied when no considerable provocation appears and when all of the circumstances of the killing show an abandoned and malignant heart.

_____

(B) (104 SCt 2052, 80 LE2d 674) (1984).

[8] See Suggested Pattern Jury Instructions Vol. II: Criminal Cases (4th ed.), § 2.01.10.

[9] See Suggested Pattern Jury Instructions Vol. II: Criminal Cases (4th ed.), § 2.10.10.

It is for the jury to decide whether or not the facts and circumstances of this case show malice.

To constitute murder, the homicide must have been committed with malice.

Legal malice is not necessarily ill will or hatred but is the unlawful intention to kill without justification, excuse, or mitigation.

If a killing is done with malice, no matter how short a time the malicious intent may have existed, such killing constitutes murder.

Hughey argues that the portion of the charge focusing on malice, stating that it may be express or implied, allowed the jury to convict him absent a finding of a specific intent to kill the officer. He urges that this relieved the State of its burden to prove intent as alleged in the indictment, which accused Hughey of "knowingly and intentionally attempt[ing] to commit the crime of MURDER, in violation of Code section 16-5-1 . . . ."

This argument fails. The indictment did not list any particular form of intent; rather, it simply accused him of attempting to commit murder as defined in OCGA § 16-5-1. That Code section defines malice murder as occurring when a person "with malice aforethought, either express or implied, causes the death of another human

being."[10] Thus, consistent with the definition in the Code, the indictment accused Hughey of attempting to cause a death with malice aforethought, regardless of whether the malice was express or implied.[11]

Likewise, the trial court's instruction accurately reflected the charged offense.

In Georgia, the crime of malice murder is committed when the evidence shows either an express or, in the alternative, an implied intent to commit an unlawful homicide. This meaning of malice murder is consistent with the general rule that crimes which are defined so as to require that the defendant intentionally cause a forbidden bad result are usually interpreted to cover one who knows that his conduct is substantially certain to cause the result, whether or not he desires the result to occur. Thus, *a malice murder can be shown not only by evidence that the defendant acted with the deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof, but also by evidence that the defendant acted where no considerable provocation appears and*

---

[10] "Express malice is that deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof. Malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." OCGA § 16-5-1 (b).

[11] See generally *Frazier v. State*, 257 Ga. 690, 692 (5) (362 SE2d 351) (1987) ("[O]n an indictment for malice murder, the State may introduce any evidence which is relevant and material upon the issue of malice, either express or implied; and it is unnecessary for the indictment to allege more specifically the facts which will be relied upon to establish malice." (punctuation omitted).

*where all the circumstances of the killing show an abandoned and malignant heart.* In other words, evidence that the defendant acted with implied malice is, for purposes of demonstrating his guilt of the crime of malice murder, no less probative than proof that he acted with a specific intent to kill.[12]

In light of this principle, the jury charge was a correct statement of law and did not misstate the State's burden to prove intent.[13] Thus, any objection by Hughey's counsel would have been meritless, and the failure to object was not deficient performance on the part of his trial counsel.[14]

2. Hughey also argues that absent the allegedly erroneous jury charge, the evidence was insufficient to show that he had the specific intent to kill the officer when he shot him. But in light of our holding in Division 1, giving the pattern jury charge was not improper in this case. Further, the evidence showed that Hughey was being chased by a police officer when he stopped, turned, pointed a 9 millimeter

---

[12] (Punctuation omitted; emphasis supplied.) *Jackson v. State*, 282 Ga. 668, 671 (653 SE2d 28) (2007).

[13] See *Frazier*, 257 Ga. at 692 (5); see also *Dukes v. State*, 290 Ga. 486, 487 (2) (722 SE2d 701) (2012) ("[T]he trial court's instruction . . . based on the pattern charge . . . was legally correct.").

[14] See *Wesley v. State*, 286 Ga. 355, 356 (3) (a) (689 SE2d 280) (2010).

handgun at the officer, and said, "You better back your ass up," before shooting the officer at close range. Even if, as he argued at trial, Hughey only intended to aid his flight and not kill the officer,

> [i]mplied malice, however, may be found when the defendant's conduct exhibits a reckless disregard for human life. [The Supreme Court of Georgia] has adopted the definition of implied malice as being extremely negligent conduct, which creates what a reasonable man would realize to be not only an unjustifiable but also a very high degree of risk of death or serious bodily injury to another or to others — though unaccompanied by any intent to kill or do serious bodily injury — and which actually causes the death of another. Reckless disregard for human life may be the equivalent of a specific intent to kill.[15]

Accordingly, the evidence authorized the jury's verdict, and we affirm Hughey's conviction.

*Judgment affirmed. Andrews, P. J. and Ray, J., concur.*

---

[15] (Citations and punctuation omitted.) *Browder v. State*, 294 Ga. 188, 190 (1) (751 SE2d 354) (2013).