306 Ga. 674
FINAL COPY

S19A0707. WILLIAMS v. THE STATE.

PETERSON, Justice.

Joseph Williams appeals his convictions for malice murder, aggravated assault, and possession of a firearm during the commission of a felony, all stemming from an argument in a convenience store parking lot.[1] He argues that the evidence was

---

[1] Antonio Felton was shot and killed the night of March 30, 2012. On April 2, 2013, a Bibb County grand jury indicted Williams and Nuwrulhaqq Hamilton for felony murder predicated on aggravated assault (Count 1), malice murder (Count 2), aggravated assault of Felton (Count 3), aggravated assault of Siedah Sanders (Count 4), and possession of a firearm during the commission of a felony (Count 5). After a May 2014 trial, a jury found Williams guilty of all counts, specifically rejecting the option to find him guilty of voluntary manslaughter instead of malice murder or felony murder. (The trial court directed a verdict of acquittal on the malice murder charge against Hamilton, and the jury found Hamilton guilty of felony murder, both aggravated assault counts, and the firearm possession count.) On May 15, 2014, the trial court sentenced Williams to serve life in prison for malice murder, 20 years for the aggravated assault of Sanders to run consecutively to the life sentence, and five years for the firearm possession to run consecutively to the aggravated assault sentence. The trial court determined that the remaining counts merged, but the felony murder count was in fact vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). Williams filed a motion for new trial on the day of sentencing; the motion was amended by appellate counsel on June 25, 2018. The trial court denied the motion for new trial on September 28, 2018. Williams filed a timely

insufficient to support his conviction for malice murder and that the trial court erred by issuing a sentence on the firearm possession count that was to run consecutively to the sentences on both of the other counts on which Williams was convicted. We conclude that the evidence was sufficient to support Williams's convictions. But because the record shows that the trial court underestimated the breadth of its sentencing discretion, we vacate Williams's sentence on the firearm possession count and remand for resentencing.

Viewed in the light most favorable to the verdicts, the evidence at trial shows that Antonio Felton and his cousin Siedah Sanders stopped at a Bibb County convenience store on the night of March 30, 2012. Upon exiting his vehicle, Felton urinated on the ground, then entered the store. When he emerged from the store, he began to argue with Williams and Nuwrulhaqq Hamilton, who complained that Felton had urinated on their vehicle. Felton did not threaten the men and did not have a gun.

notice of appeal, and this case was docketed to this Court's April 2019 term and submitted for decision on the briefs.

Felton eventually entered his vehicle and drove out of the store's parking lot along with Sanders, continuing to argue with Williams and Hamilton as he drove away. At one point after driving out of the parking lot, Felton told the men to "stay right there." Williams then fired at Felton's car multiple times, using a gun that Hamilton had passed to him at some point that night. A bullet hit Felton in the back of the head, killing him.

1. Williams challenges the sufficiency of the evidence to convict him of malice murder, arguing that the State failed to prove implied or express malice beyond a reasonable doubt. We disagree.

As Williams acknowledges, malice murder may be shown by proof of implied malice. See OCGA § 16-5-1 (a).

> In a case involving implied malice, the [S]tate has the burden of proving beyond a reasonable doubt that no considerable provocation for the killing was present and that all the circumstances of the killing show an abandoned or malignant heart. But the question of whether or not a provocation, if any, is such a serious provocation as would be sufficient to excite a sudden, violent, and irresistible passion in a reasonable person, reducing the offense from murder to manslaughter, is generally for the jury.

*Browder v. State*, 294 Ga. 188, 190 (1) (751 SE2d 354) (2013)

3

(citations and punctuation omitted); see also OCGA § 16-5-1 (b). And when reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the verdicts. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

Viewed in this light, there was sufficient evidence from which the jury could find that Williams acted with at least implied malice when he shot Felton. That evidence shows that Williams shot at an unarmed man who was driving away, following an argument over a distasteful but relatively insignificant encroachment on personal property. Williams argues here that the evidence supports a conclusion that he was overcome with emotion incited by Felton's statements and fired at Felton as a result of a sudden, violent, and irresistible passion that was reasonable under the totality of the circumstances.[2] But that is an argument that the jury was entitled to reject. See *Browder*, 294 Ga. at 191 (1) (sufficient evidence of implied malice, including no considerable provocation, where

---

[2] Neither defendant testified at trial, and no transcription of their counsel's arguments to the jury was included in the record on appeal, but the record shows that the jury was charged on voluntary manslaughter.

4

appellant fired two bullets from a vehicle, notwithstanding his testimony that he had intended only to fire the weapon into the air to scare those he thought were assailants). We conclude that there was sufficient evidence to authorize a jury to find Williams guilty of all of the crimes for which he was convicted.[3]

2. Williams also argues that the trial court erred when it ran his sentence for possession of a firearm consecutively both to his sentence for malice murder and to his sentence for the aggravated assault of Sanders. We conclude that the trial court underestimated the breadth of its sentencing discretion and therefore remand for resentencing.

Under OCGA § 16-11-106 (b), a defendant convicted of possession of a firearm during the commission of certain felonies

---

[3] Having determined that the evidence was sufficient to affirm the conviction for malice murder, Williams's claim that the evidence was insufficient to support a conviction for felony murder is moot, because the felony murder conviction was vacated by operation of law. See *Blackledge v. State*, 299 Ga. 385, 387 (1) n.3 (788 SE2d 353) (2016); *Browder*, 294 Ga. at 191 (1). And with respect to Williams's claim that he is entitled to a new trial pursuant to OCGA § 5-5-20, "this Court does not sit as an arbiter of the general grounds, which are solely within the discretion of the trial court." *Wilson v. State*, 302 Ga. 106, 109 (II) (d) (805 SE2d 98) (2017) (citation and punctuation omitted).

"shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received." In *Busch v. State*, 271 Ga. 591 (523 SE2d 21) (1999), we construed the "run consecutively to any other sentence which the person has received" language of OCGA § 16-11-106 (b) as requiring that a sentence for possession of a firearm during the commission of a felony run consecutively only to the sentence for "the *underlying felony* for" the possession of a firearm offense. Id. at 594-595 (emphasis added); see also *Braithwaite v. State*, 275 Ga. 884, 889 (9) (572 SE2d 612) (2002) ("We have construed [the] language [of OCGA § 16-11-106 (b)] to mean that a firearm possession sentence must only run consecutively to the sentence for its *underlying felony* conviction." (emphasis added)). The trial court retains the discretion to decide whether to run the firearms possession consecutively to, or concurrently with, sentences on counts other than the underlying felony. See *Braithwaite*, 275 Ga. at 889 (9); *Busch*, 271 Ga. at 595.

Here, the indictment charged Williams with possessing a

6

firearm during the aggravated assault of Felton. Although the jury found Williams guilty of that underlying felony, that felony merged into his conviction for malice murder. Apparently presuming that the trial court was thus required to run the sentence on his firearm possession charge consecutively to the malice murder sentence, Williams argues that the trial court erred by running his sentence on the firearm count consecutively to the sentence for the aggravated assault of Sanders, as well. But Williams's presumption is incorrect.

The merger of the count charging Williams with the aggravated assault of Felton meant that no sentence (or conviction) was entered on the felony underlying Williams's firearm possession conviction. Thus, as suggested by the Attorney General in his brief before this Court, OCGA § 16-11-106 (b), as we construed it in *Busch*, did not require the trial court to run the sentence for Williams's firearm possession count consecutively to his sentence on any other count, including the malice murder count.

As noted above, the trial court retained the discretion to run

Williams's sentences consecutively to, or concurrently with, his sentences on other counts. And we generally presume that a trial court understood the nature of its discretion and exercised it, unless the record shows otherwise. See *Wilson v. State*, 302 Ga. 106, 108 (II) (a) (805 SE2d 98) (2017); see also *Johnson v. State*, 302 Ga. 188, 198 (3) (c) (805 SE2d 890) (2017) (recognizing a rebuttable presumption that a trial court follows the law). But the record rebuts that presumption here. At sentencing, both the prosecutor and Williams's attorney told the trial court that the sentence on Williams's firearm possession conviction *had* to run consecutively to some other sentence. The record contains no evidence that the trial court understood its obligations differently.[4] Compare *Braithwaite*,

---

[4] Both Williams's counsel and the prosecutor told the court the firearm possession sentence was legally required to be "consecutive," although they did not specify whether that meant it must follow directly after the sentence for malice murder or could follow both that sentence and the sentence for the aggravated assault of Sanders. Having imposed a sentence on that aggravated assault count that was consecutive to the sentence for malice murder, the trial court declared that it was imposing a sentence for Williams's firearm possession count that was to run consecutively to the aggravated assault sentence. In contrast, in sentencing Williams's co-defendant for felony murder, the aggravated assault of Sanders, and possession of a firearm during the commission of a felony, the trial court declared that the aggravated assault

275 Ga. at 889 (9) (rejecting claim of sentencing error under OCGA § 16-11-106 (b) where nothing in the record suggested that the court believed that it lacked discretion to run sentences concurrently). And where a trial court rules in a particular manner while erroneously believing that it lacks discretion to do otherwise, that is error. See *Ellington v. State*, 292 Ga. 109, 131 (7) (c) (735 SE2d 736) (2012), disapproved on other grounds by *Willis v. State*, 304 Ga. 686, 706 (11) (a) n.3 (820 SE2d 640) (2018). Because we cannot affirm the firearm possession sentence as an exercise of discretion under *Braithwaite*, we vacate the sentence on the firearm possession count and remand for resentencing.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.*

---

sentence would run concurrently with the felony murder sentence, such that, although the trial court declared that the firearm possession sentence ran consecutively to both of those sentences, it effectively was immediately consecutive to the felony murder sentence.

DECIDED SEPTEMBER 3, 2019.
Murder. Bibb Superior Court. Before Judge Simms.
*Christina W. Bennett*, for appellant.
*K. David Cooke, Jr., District Attorney, Cara R. Fiore, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew D. O'Brien, Assistant Attorney General*, for appellee.