**THIRD DIVISION
ELLINGTON, P. J.,
ANDREWS and DOYLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**August 11, 2017**

# In the Court of Appeals of Georgia

A17A0740. WILLIAMS v. THE STATE.                    DO-029 C

DOYLE, Judge.

After a jury trial, Harold Williams was convicted of four counts of aggravated assault,[1] five counts of possession of a firearm during the commission of a crime,[2] one count of kidnapping,[3] two counts of armed robbery,[4] one count of burglary,[5] and two counts of hijacking a motor vehicle.[6] Williams unsuccessfully moved for a new trial,

---

[1] OCGA § 16-5-21 (a) (1), (2).

[2] OCGA § 16-11-106 (b) (1).

[3] OCGA § 16-5-40 (a).

[4] OCGA § 16-8-41 (a).

[5] OCGA § 16-7-1 (b).

[6] OCGA § 16-5-44.1 (b).

and he now appeals, arguing that (1) the trial court erred by admitting extrinsic act evidence under OCGA § 24-4-404 (b), and (2) the evidence was insufficient to support the verdict. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[7] the evidence shows that on April 5, 2010, Darren Daniel was in front of his home in Clayton County, Georgia, unloading groceries from his roommate's Mitsubishi Galant when two men unknown to him, Williams and Tecorey Thrasher, arrived in a Honda.[8] Williams and Thrasher demanded money from Daniel while holding him at gunpoint, but when Daniel had none, they forced him to drive to an ATM at a nearby gas station. Daniel went inside the store and borrowed a phone to dial 911, and the attackers soon drove off in the Mitsubishi, which contained his house and car keys. Police arrived, took Daniel's statement, and drove him home, where he discovered that his Jeep had been stolen along with other items in his home. The Mitsubushi was later discovered abandoned and burned in a wooded lot. Officers found a Honda parked down the street from

---

[7] See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[8] Daniel died prior to the trial in this case. The State read into the record parts of his sworn testimony from a prior proceeding in which he described the crimes at issue.

where Daniel had seen Williams and Thrasher park before he was approached with a gun. The Honda was later determined to be stolen from Kenya Clement one or two days earlier.[9] Daniel was able to identify both Williams and Thrasher in separate photographic lineups.

Two days after the Daniel robbery, on April 7, 2010, in Newton County, Luis Foncesca was approached by a group of four men at approximately 10:00 p.m. in front of his father-in-law's home.[10] One man pointed a gun at Foncesca, his wife, and his young daughter. Foncesca handed over the keys to his Mazda out of fear. Foncesca testified that he had several baseball hats inside the car when it was stolen, and he had noticed a black Jeep parked outside a nearby car dealership before he arrived at his father-in-law's home. Mikale Mitchell, an associate of Williams's, testified at trial that the Jeep had run out of gas, and he, Williams, and two other friends (Jerricus Benton and Tecorey Thrasher) got out of the car and walked to a neighborhood, where they saw Foncesca's family outisde. Mitchell stated that they were picked up by Williams in a vehicle later identified to be Foncesca's. Newton County police investigated the suspicious Jeep, finding that the tag was registered to

[9] Clement did not identify Williams as the person who stole her car.

[10] The present case does not include the Newton County offenses.

the Mitsubishi stolen earlier from Daniel's roommate. The VIN of the Jeep showed up as reported stolen in Clayton County.

Approximately two or three hours later, just after midnight on April 8, 2010, Ruth Blanton was in her car in a CVS parking lot when two men approached her with a gun and demanded her car keys. After she handed her keys to one man, the other struck her in the head with a gun. The men then entered Blanton's Nissan Sentra and drove away. Thirty-five minutes later, a state trooper spotted Blanton's car traveling 110 mph on I-20. The trooper pursued the car until it crashed. At the time of the crash, Williams and Thrasher fled into the woods leaving Benton and Mitchell in the back seat. Daniel's keys along with Foncesca's hats were found inside Blanton's stolen Sentra. No weapons were located inside of the vehicle.

Hours later, Devona Giles, Thrasher's mother, called the police to inform them that Thrasher was injured and had been threatened by Williams at gunpoint. Police found Williams with Giles in the Newton County Medical Center parking lot, and Williams was detained. Williams later admitted to being in the stolen vehicle that had crashed during the police chase.

Williams was charged with multiple offenses stemming from these events in an 18-count indictment in Clayton County. He was indicted, tried, and found guilty

4

in Newton County of the carjacking against Foncesca prior to the trial in this case. Following a jury trial in Clayton County as to the crimes against Blanton and Daniel, Williams was acquitted of one offense of theft, the trial court directed a verdict as to two counts, and he was convicted of the remaining counts. Williams moved for a new trial, which motion was denied, giving rise to this appeal.

1. Williams argues that evidence that he committed the Newton County carjacking was improper extrinsic evidence under OCGA § 24-4-404 (b). Specifically, he asserts that the evidence failed to identify him as the perpetrator of the Newton County offenses and that the evidence was confusing and needlessly cumulative. We disagree.

We review the admission of such evidence for a "clear abuse of discretion."[11]

OCGA § 24-4-404 (b) provides that

> [e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

---

[11] *Brooks v. State*, 298 Ga. 722, 724 (2) (783 SE2d 895) (2016).

Nevertheless, the trial court ruled that the evidence of the Newton County offense, i.e., stealing Foncesca's Mazda, was intrinsic factual evidence "inextricably intertwined" with the crimes charged in this case.

> Under longstanding Georgia law, all the acts and circumstances surrounding and constituting the res gestae are admissible, despite the fact that they may reflect poorly on a defendant's character. This rule [was] carried forward to the new Evidence Code under the concept of "intrinsic facts" evidence, as compared to evidence of "extrinsic acts" which are generally inadmissible pursuant to OCGA § 24-4-404 (b). Under relevant federal authority, evidence is intrinsic to the charged offense, and thus does not fall within Rule 404 (b)'s ambit, if it (1) arose out of the same transaction or series of transactions as the charged offense; (2) is necessary to complete the story of the crime; or (3) *is inextricably intertwined with the evidence regarding the charged offense*. Moreover, evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive, and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.[12]

---

[12] (Citations and punctuation omitted; emphasis supplied.) *Baughns v. State*, 335 Ga. App. 600, 602-603 (1) (782 SE2d 494) (2016), citing *United States v. Nowak*, 370 Fed. Appx. 39, 41 (I) (11th Cir. 2010); *United States v. Edouard*, 485 F3d 1324, 1344 (II) (C) (11th Cir. 2007).

Here, the Newton County crime was the middle carjacking in a spree of three carjackings over a three-day period, and it occurred a mere two or three hours before the third and final carjacking. Thus, the Newton County evidence established the complete time line of the consecutive carjackings, and items from the first two carjackings were found in the vehicle stolen in the third hijacking. Further, Williams was positively identified by the first victim, evidence from the third carjacking tied him to the first and second, and he admitted being in the third stolen vehicle when it crashed. This shows that the Newton County carjacking was inextricably intertwined with the first and third carjackings.[13]

To the extent that Williams argues that the evidence was unduly prejudicial under OCGA § 24-4-403,

> in cases where [courts have] found other acts evidence inextricably intertwined with the crimes charged, the [c]ourt has refused to find that the evidence should nonetheless be excluded as unduly prejudicial. The test [for undue prejudice] under [OCGA § 24-4-403] is whether the other acts evidence was "dragged in by the heels" solely for prejudicial impact. Because the other acts evidence was inextricably intertwined

---

[13] See *Baughns*, 335 Ga. App. at 602-603, n. 7 (1) (collecting cases).

with the charged crimes, it was not excludable under [OCGA § 24-4-403].[14]

Based on this record, we discern no abuse of discretion in the trial court's admission of the Newton County evidence as inextricably intertwined with the indicted offenses.[15]

2. Williams argues that the evidence of his identity was insufficient to support the jury's finding of guilt. Specifically, he challenges the testimony by Mitchell, who testified against Williams in exchange for leniency by the State for Mitchell's involvement in the Newton County carjacking. This argument is without merit.

When an appellate court reviews the sufficiency of the evidence,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal

---

[14] (Citations and punctuation omitted.) *United States v. McNair*, 605 F3d 1152, 1206 (VIII) (11th Cir. 2010).

[15] See *Baughns*, 335 Ga. App. at 603 (1).

conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[16]

Here, there was evidence from the first carjacking victim, Daniel, identifying Williams as a perpetrator. Also, as noted in Division 1, stolen items from the first two carjackings were found in the vehicle recovered from the third, in which vehicle Williams admitted riding when it crashed during a police chase. And the Jeep stolen as part of the first carjacking was later connected via separate eyewitness testimony to the second (Newton County) carjacking. Finally, "[t]he jury[, not this Court,] is to determine the credibility of witnesses, so the truthfulness of those witnesses, including that of possible accomplices, was for the jury to decide."[17] Likewise, "[i]t was for the jury to decide . . . whether the accomplice's testimony was sufficiently corroborated" by the other evidence in the case, including Williams's own statements

---

[16] (Citation omitted; emphasis in original.) *Jackson*, 443 U. S. at 319 (III) (B).

[17] (Punctuation omitted.) *Handley v. State*, 289 Ga. 786, 787 (1) (716 SE2d 176) (2011).

9

and the evidence linking him to the three carjackings.[18] Therefore, based on the record before us, the evidence authorized the jury's finding of guilt.

*Judgment affirmed. Ellington, P. J., and Andrews, J., concur*.

---

[18] *Daniels v. State*, 339 Ga. App. 837, 840 (795 SE2d 94) (2016). Williams does not argue that the State's case lacked sufficient corroboration.