**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 4, 2019**

# In the Court of Appeals of Georgia

A19A0246. SMITH v. THE STATE.                              GS-007

GOSS, Judge.

After a bench trial, Dardiquez Smith was convicted of robbery by force and possession of a firearm during the commission of a crime. He appeals from his convictions and the denial of his motion for new trial, arguing that the trial court erred by admitting certain similar transaction testimony. He also challenges his conviction under the general grounds. For the following reasons, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows that the victim, Koixiong Chen, worked as a delivery person at Number One Chinese Restaurant. After midnight on July 9, 2013, Chen received an order to deliver food to 213 Rountree Street in Statesboro. As he arrived at the address, a man was waiting

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

on the lawn to receive the order. As Chen leaned into the car to take the food out, another man came out from behind a trash can, pointed a gun at his head and demanded that Chen hand over all his money and the food. Chen replied "You can take it. Don't hit me." The man then used his gun to hit Chen on his head and neck several times before taking about a hundred dollars and the food and then disappearing. Chen testified that during the robbery, he saw at least three African-American men that appeared to be about 18-20 years old on the lawn. Chen then got back into his car, drove away and called 911. He abandoned that delivery.

Chen testified that he had received an order from the same phone number about two weeks prior to the robbery. He testified that the caller requested that he deliver food to an address on Church Street. As Chen was driving to deliver the food to the address, he became suspicious because a man appeared to be hiding behind a trash can near the delivery address.

Tyrik Holly testified that he was charged with being a party to armed robbery and possession of a weapon during the commission of a crime for the same incident. Holly testified that on the night of the incident he was "hanging out" with friends, including Jeremy Lonon and Smith, in the breezeway of an apartment building when Lonon came up with the idea to rob a Chinese food delivery man. Holly explained

2

that Smith called in the Chinese food order using Lonon's phone, and that they requested the delivery to be at Rountree Street, which was a short walk away from the apartment building. Holly stated that he went to Rountree Street and hid behind bushes while the robbery took place. Smith stopped the car and spoke to the delivery man, while Lonon held the gun, robbed Chen, and hit him with the gun. Holly saw Lonon with the gun, the money, and the food in his hands after the robbery.

Jarvis Perkins testified that he pled guilty to robbery by force as a result of the incident. He was childhood friends with all of the defendants except Lonon. He explained that Lonon came up with the idea to rob the Chinese food deliveryman, that Smith made the phone call and approached the driver, and that Perkins hit the driver. He also said that it was Smith's idea to plan the robbery.

Lonon testified at trial that he had pled guilty to robbery by force for the robbery. He testified that on July 9th, Smith asked him if he wanted to try "to rob the Chinese dude" like "last time." Lonon and Smith then planned on their strategy to commit the robbery using Lonon's BB gun. Smith placed the food order and flagged the deliveryman down so that Lonon could rob him.

1. Smith argues that the trial court erred in denying his motion for new trial on the general grounds because the evidence was sufficiently close to warrant the trial

court's exercise of discretion under OCGA §§ 5-5-20 and 5-5-21 to order a new trial. We find no error.

The grant or denial of a new trial is "within the sound discretion of the trial court and will not be disturbed if there is any evidence to authorize it. A trial court may grant a motion for new trial if, in the exercise of its discretion, it finds that a . . . verdict was against the weight of the evidence." (Footnotes omitted.) *Taylor v. State*, 259 Ga. App. 457, 460 (2) (576 SE2d 916) (2003). OCGA § 5-5-20 authorizes the trial court to grant a new trial "[i]n any case when the verdict of the jury is found contrary to evidence and strongly against the weight of the evidence and the principles of justicy and equity[,]" and OCGA § 5-5-21 empowers the trial court to grant a new trial "where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." We note that although "a bench trial does not involve a jury and, technically, there is no verdict in a bench trial, a motion for new trial raising the general grounds is a proper means of seeking retrial or reexamination in the trial court of that same court's decision of an issue of fact." (Citations and punctuation omitted.) *Kea v. State*, 344 Ga. App. 251, 253 (1) (b) (810 SE2d 152) (2018).

However, this Court does not have the same discretion to grant a motion for new trial as is granted to the trial court in OCGA § 5-5-21. "This Court can only review a lower court's refusal to grant a motion for new trial under the standard espoused in *Jackson v. Virginia*[, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)] to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict." (Footnote omitted.) *Taylor,* 259 Ga. App. at 460 (2). The record shows that the trial judge exercised his discretion in denying Smith's motion for a new trial and that the evidence authorized the trial court's findings of fact under the standard set forth in *Jackson v. Virginia.* Several co-defendants testified that Smith was a co-conspirator, and a participant in the robbery of Chen. There was evidence that Smith placed the telephone call to summon Chen, that he was the first to confront Chen, and that the robbery was Smith's idea. See OCGA § 16-2-20 (a) ("Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime"). This is simply not a case in which "the evidence preponderates heavily against the verdict." (Punctuation and footnote omitted.) *Taylor*, 259 Ga. App. at 461 (2). Accordingly, "we find no abuse of discretion in the trial court's denying the motion for new trial"

under the general grounds. (Citation and punctuation omitted.) *Kea*, 344 Ga. App. at 254 (1) (b).

2. Smith argues that the trial court erred in allowing Lonon to testify regarding the group's prior aborted attempt to rob Chen. We disagree.

Smith argues that the trial court erred in allowing the State, over objection, to elicit testimony from Lonon about a prior incident where the group had planned on robbing a delivery person from the same Chinese food restaurant. Smith contends that this testimony was inadmissible, without prior advance notice, under OCGA § 24-4-404 (b) as a prior bad act. The State argues that this testimony is not subject to OCGA § 24-4-404 (b) analysis, but rather is intrinsic evidence that is inextricably intertwined with the events at trial. See *Smith v. State*, 302 Ga. 717, 725 (4) (808 SE2d 661) (2017) ("the limitations and prohibition on 'other acts' evidence set out in OCGA § 24-4-404 (b) do not apply to 'intrinsic evidence'") (Citation, punctuation and footnote omitted).

All of the facts and circumstances surrounding the crime for which the accused is charged are admissible as "intrinsic" despite the fact that the evidence may incidentally reflect poorly on the accused's character. "Evidence is admissible as intrinsic evidence when it is (1) an uncharged offense arising from the same

transaction or series of transactions as the charged offense; (2) necessary to complete the story of the crime; or (3) inextricably intertwined with the evidence regarding the charged offense." (Citation and punctuation omitted.) *Smith*, 302 Ga. at 725 (4).

> Evidence pertaining to the chain of events explaining the context, motive, and set-up of the crime, is properly admitted if it is linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury. . . . Evidence of other acts is "inextricably intertwined" with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted. And this sort of intrinsic evidence remains admissible even if it incidentally places the defendant's character at issue.

(Citation and punctuation omitted.) Id. See *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013). This Court reviews the admission of such evidence for a "clear abuse of discretion." (Footnote omitted.) *Williams v. State*, 342 Ga. App. 564, 566 (1) (804 SE2d 668) (2017).

In this case, Lonon described an incident two weeks earlier where Smith, Lonon and others attempted to rob the same deliveryman from the same Chinese food restaurant, but were not able to complete the crime because Chen became suspicious. This Court has held that when the crime charged is part of a crime spree or pattern of

7

criminal activity, the entire chain of crimes can be proved at trial, even if they were not all charged, as they were all intrinsic to the offense. In *Williams,* 324 Ga. App. at 566-567 (2), this Court held that evidence of a Newton County carjacking – the second in a three-day, three-car carjacking spree was admissible intrinsic evidence during the trial of the first and third carjackings, both of which occurred in the same county. This Court held, inter alia, that evidence from the third incident tied the defendant to the first and second incident. Id. In *Branam v. State*, 204 Ga. App. 205, 208 (5) (419 SE2d 86) (1992), this Court held that although the accused was charged with only two counts of child molestation, the prosecution could present evidence, without giving prior notice, of other instances in which the accused molested the same child.

In the instant case, the earlier attempted robbery involved the same group of people, including Smith and Lonon, the same phone number, and the plot to rob the same deliveryman from the same Chinese food restaurant in the same neighborhood. Because evidence of the earlier robbery was "necessary to complete the story of the crimes[,]" we conclude that it was intrinsic evidence to the charged crimes and therefore not covered by OCGA § 24-4-404 (b). (Citation omitted.) *Virger v. State*, __ Ga. __ (7) (a) (824 SE2d 346) (2019). Even though the trial court's order denying

8

Smith's motion for a new trial did not specifically note that this was intrinsic evidence, we affirm its judgment under the "right for any reason" rationale. See, e. g., *Snelson v. State*, 303 Ga. 504, 506 (813 SE2d 357) (2018).

*Judgment affirmed. McFadden, P. J., and McMillian, J., concur*.